Nina A. MENTZEL and Ricky L. Reid, Plaintiffs–Appellants,

v.

THE JUDICIAL DEPARTMENT OF the STATE of Colorado; Anthony Wernert, The Administrator of the Eighth Judicial District of the State of Colorado; Larimer County Probation Department; John Elliott, The Chief Probation Officer of the Larimer County Probation Department, Defendants–Appellees.

No. 88CA0707.

Colorado Court of Appeals, Div. C.

July 27, 1989.

er County probation officer. Gonzales had spent the afternoon prior to the accident at a Christmas party held at the offices of the Larimer County Probation Department. He allegedly consumed alcoholic beverages both at the party and subsequently at a local bar prior to the accident.

Plaintiffs' initial complaint sought damages only against Gonzales for injuries caused by his negligent conduct. However, plaintiffs amended their complaint to assert claims against the state judicial department, Wernert, the probation department, and Elliott, for negligence in supervising Gonzales. The amended complaint also added a claim against the owner of the local bar, asserting the bar's operators were negligent in serving Gonzales liquor when he was visibly intoxicated. Neither Gonzales nor the bar owner is a party to this appeal.

The court granted the state defendants' motion to dismiss plaintiffs' claims as barred by the doctrine of sovereign immunity, and entered a final judgment of dismissal with C.R.C.P. 54(b) certification as to the moving defendants.

Law Firm of T.W. Norman, Michael J. Mirabella and Law Firm of Michael A. Curran, Michael A. Curran, Lakewood, for plaintiffs-appellants.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Larry D. Tannenbaum, Asst. Atty. Gen., Denver, for defendants-appellees.

HUME, Judge.

Plaintiffs, Nina Mentzel and Ricky L. Reid, appeal the judgment dismissing their claims against defendants, the Judicial Department of the State of Colorado; Anthony Wernert, the Eighth Judicial District Administrator; the Larimer County Probation Department; and John Elliott, Chief Probation Officer. We affirm.

On an evening in December 1986, the plaintiffs were injured in a head-on collision between their vehicle and a vehicle owned and operated by Tomas Gonzales, a Larim-

I.

Plaintiffs contend that the court erred in its determination that their claims against public entities and employees were not within the statutory exceptions to sovereign immunity. We disagree.

Section 24–10–106(1), C.R.S. (1988 Repl. Vol. 10A) provides that a public entity is immune from all claims in tort, but enumerates exceptions to the general grant of immunity under specified circumstances. Section 24–10–106(1)(c), C.R.S. (1988 Repl. Vol. 10A) provides that immunity is waived as to injuries resulting from "a dangerous condition of any public building." The term "dangerous condition" is defined by § 24–10–103(1), C.R.S. (1988 Repl.Vol. 10A) to mean:

"[A] physical condition of a facility or the use thereof which constitutes an unreasonable risk to the health or safety of the public, which is known to exist or which in the exercise of reasonable care should have been known to exist and which con-

dition is proximately caused by the negligent act or omission of the public entity in constructing or maintaining such facility."

We are not persuaded by plaintiffs' argument that defendants' "use" of the public office facility to dispense alcoholic beverages to its employees was sufficient to come within the "dangerous condition of a public building" exception.

■ A statute must be read and considered as a whole to ascertain the general assembly's intent in enacting it. *People v. District Court*, 713 P.2d 918 (Colo.1986). Every word of a statute must be given effect, to the extent possible, consistent with that legislative intent. *Johnson v. City Council*, 177 Colo. 223, 493 P.2d 651 (1972).

■ The waiver of sovereign immunity for a "dangerous condition of any public building" indicates a legislative intent to promote the protection of the public from an inherently dangerous structure or facility, or a use of that building or facility which renders such facility inherently dangerous. The intent is to encourage public entities to construct, maintain, and use their buildings and facilities in a manner that will assure the safety of persons who visit them.

The definition provided by § 24–10–103(1) is consistent with that purpose and intent. The language "a physical condition of a facility or the use thereof" must be interpreted to relate to the underlying purpose of assuring safe physical conditions in public buildings and facilities. Thus, the word "use thereof" relates to the physical condition of public facilities. No waiver of immunity was intended for injuries caused by the "use" of facilities unless such use renders the facility itself an unreasonable risk to public safety or health.

This construction is supported by the general assembly's specific reference in § 24–10–103(1) to the public entity's "act or omission ... in constructing and maintaining such facility." Such acts or omissions in construction and maintenance relate directly to the physical condition of the facility itself rather than to "uses" of the facility that, albeit dangerous, do not render the facility or structure unsafe for public use.

Here, nothing in plaintiffs' complaint indicated that defendants' "use" of the probation office rendered that office inherently unsafe. On the contrary, plaintiffs' complaint alleged that the "use" of the office—serving alcohol to Gonzales—rendered Gonzales an unsafe driver. This is insufficient to state a claim excepted from immunity under the statute.

Hence, we conclude that the court correctly dismissed plaintiffs' claims against the state defendants pursuant to § 24–10–106(1)(c),

## II.

Plaintiffs also claim that the trial court erred in suspending discovery pursuant to § 24–10–108, C.R.S. (1988 Repl.Vol. 10A), after the defendants raised the issue of sovereign immunity. We disagree.

■ Section 24–10–108, C.R.S. (1988 Repl.Vol. 10A) provides for suspension of discovery when the issue of sovereign immunity is raised by a public entity, except that such discovery as is needed to decide the issue of sovereign immunity may continue.

Here, plaintiffs sought discovery concerning the "use" of the probation office. However, the record is clear that such discovery was not needed to determine that defendants' "use" did not constitute a dangerous condition of a facility. Therefore, the trial court properly suspended discovery pursuant to § 24–10–108, C.R.S. (1988 Repl.Vol. 10A).

■ Plaintiffs also sought discovery concerning the vehicle driven by Gonzales. Section 24–10–106(1)(a), C.R.S. (1988 Repl.Vol. 10A) provides for waiver of sovereign immunity in an action for injuries resulting from the "operation of a motor vehicle, *owned or leased by such public entity*, by a public employee while in the course of his employment." (emphasis added)

Here, the plaintiffs' complaint states that the car was owned by Gonzales. Accord-

ingly, since the vehicle was not owned or leased by defendants, such discovery was not necessary to determine the issue of sovereign immunity, and again the trial court did not err in suspending discovery pursuant to § 24–10–108, C.R.S. (1988 Repl. Vol. 10A).

Judgment affirmed.

STERNBERG and ENOCH *, JJ., concur.