Sandra REYNOLDS, Plaintiff–Appellant,

v.

STATE BOARD FOR COMMUNITY COLLEGES AND OCCUPATIONAL EDUCATION, a Colorado body corporate, Defendant–Appellee.

No. 91CA1654.

Colorado Court of Appeals, Div. V.

Dec. 17, 1992.

Rehearing Denied Jan. 14, 1993.

Certiorari Granted and Judgment Vacated June 7, 1993.*

Fogel, Keating & Wagner, P.C., Steven R. Polidori, Denver, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Thomas C. Sullivan, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge HUME.

In this tort action to recover damages for personal injuries, plaintiff, Sandra Reynolds, appeals from the judgment which dismissed her claims against defendant, the State Board for Community Colleges and Occupational Education. We reverse and remand.

The complaint alleged that in June 1989, while plaintiff was enrolled as a graphic arts student at Community College of Denver (the College), she injured her thumb while cleaning a printing press owned, operated, and maintained at the College. It further alleged that the College was negli-

---

\* Petition for Writ of Certiorari GRANTED and the judgment of the court of appeals is vacated. The case is remanded for reconsideration in light of *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993).

gent in allowing the printing press to be modified in such a way as to render its safety guards ineffective. According to the complaint, the inoperability of the machine's safety devices created a dangerous condition which caused the printing press to activate suddenly without warning causing plaintiff's injuries.

Pursuant to C.R.C.P. 12(b), defendant filed a motion to dismiss the action on the basis that the cause of plaintiff's injuries was not among those for which sovereign immunity had been waived pursuant to § 24–10–106(1), C.R.S. (1988 Repl. Vol. 10A). Specifically, the motion asserted that the waiver of immunity for a dangerous condition of a public building in § 24–10–106(1)(c), C.R.S. (1988 Repl. Vol. 10A) did not extend to the dangerous condition of a printing press within a public building.

Plaintiff filed a response to the motion, asserting that the printing press was a permanent fixture constituting part of the building. She further argued that a physical condition of the College workshop was inherently unsafe for use on the day that she was injured.

The defendant filed a reply in which it argued that the use of a printing press within a public facility does not render the facility itself inherently dangerous. After reviewing these submissions, the trial court granted defendant's motion and dismissed the action with prejudice.

Plaintiff contends that the trial court erred in dismissing her complaint for failure to state a claim. We agree.

In ruling on a motion to dismiss for failure to state a claim, the trial court must accept the facts of the complaint as true and determine whether, under any theory of law, plaintiff is entitled to relief. If relief could be granted under such circumstances, the complaint is sufficient. *Schlitters v. State*, 787 P.2d 656 (Colo.App.1989).

■ The Governmental Immunity Act provides that all public entities are immune from tort liability unless the circumstances of the injury fit within certain statutory exceptions. One of these exceptions, § 24–10–106(1)(c), C.R.S. (1988 Repl. Vol. 10A) provides that immunity is waived in an action for injuries resulting from a "dangerous condition of any public building." Further, as pertinent here, the term "dangerous condition" is defined in § 24–10–103(1), C.R.S. (1988 Repl. Vol. 10A), as follows:

[A] physical condition of a facility or the use thereof which constitutes an unreasonable risk to the health or safety of the public, which is known to exist or which in the exercise of reasonable care should have been known to exist and which condition is proximately caused by the negligent act or omission of the public entity in constructing *or maintaining* such facility.

(emphasis supplied)

In *Mentzel v. Judicial Department*, 778 P.2d 323 (Colo.App.1989), this court noted that the intent of the General Assembly in adopting these provisions was to encourage public entities to construct, maintain, and use their buildings and facilities in a manner that will assure the safety of persons who visit them. Subsequently, in *Jenks v. Sullivan*, 826 P.2d 825 (Colo.1992), our supreme court held that the waiver of immunity in § 24–10–106(1)(c) applies to injuries caused by a dangerous condition which stems from a physical or structural defect in the public building. The court went on to explain that:

[i]njury stemming from the use of a dangerous or defective physical condition of the building itself might include injury resulting from, for example, using a faulty elevator or falling down defective stairs. *Jenks v. Sullivan, supra*, 826 P.2d at 827.

The Colorado appellate courts have not yet considered whether the exception to governmental immunity for injuries arising from a dangerous condition of a public building extends to injuries while operating defective machinery annexed as a fixture in a public facility. However, courts in other jurisdictions with similar statutes have addressed this issue.

For example, in *Velmer v. Baraga Area Schools*, 430 Mich. 385, 424 N.W.2d 770 (1988), the plaintiff was injured while work-

ing on a milling machine during shop class. The Michigan Supreme Court held that a dangerous or defective condition of a fixture—without regard to whether it was actually attached or constructively attached by its weight—could support a claim of liability under the "public building" exception to governmental immunity. The court therefore reversed a summary judgment in favor of the public entity because a factual question existed as to whether the milling machine was a fixture.

As noted in *Jenks v. Sullivan, supra,* Colorado's "public building" exception to sovereign immunity is similar to the statute enacted in Michigan, and we are persuaded that the Michigan Supreme Court's construction of that provision should be adopted here. We find no logical basis for concluding that an injury suffered from the operation of an improperly maintained printing press is distinguishable from an injury suffered from the use of some other faulty piece of equipment such as the elevator cited as an example in *Jenks, supra,* if such equipment is installed as a fixture in a public building.

■ Here, plaintiff alleged that the deliberate modification of the printing press to circumvent safety devices created a dangerous condition at the College. Accepting those allegations as true, and viewing them in the light most favorable to plaintiff, we conclude that the complaint was sufficient to state a claim upon which relief could be granted. *See Schlitters v. State, supra.*

■ Contrary to defendant's contention, it was unnecessary for plaintiff to allege specifically that the printing press was a fixture in a public building. *See* C.R.C.P. 8(e); *Eliminator, Inc. v. 4700 Holly Corp.,* 681 P.2d 536 (Colo.App.1984) (pleadings need only serve notice of the claim asserted and need not express a complete recitation of all the facts which support the claim for relief). Taken in a light most favorable to plaintiff, the allegations in the complaint were sufficient to put defendant on notice that the printing press was a fixture in a public building.

The judgment is reversed, and the cause is remanded to the trial court for reinstatement of plaintiff's complaint and further proceedings consistent with the views expressed in this opinion.

JONES and MARQUEZ, JJ., concur.