**Sandra REYNOLDS, Plaintiff–Appellant,**

v.

**STATE BOARD FOR COMMUNITY COL-LEGES AND OCCUPATIONAL EDU-CATION, a Colorado Body Corporate, Defendant–Appellee.**

**No. 91CA1654.**

Colorado Court of Appeals,
Div. V.

July 15, 1993.

Rehearing Denied Aug. 26, 1993.

Certiorari Denied May 2, 1994.

Fogel, Keating & Wagner, P.C., Steven R. Polidori, Denver, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Thomas C. Sullivan, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge HUME.

Upon petition for certiorari review of our opinion previously issued in this case, *Reynolds v. State Board for Community Colleges & Occupational Education*, 853 P.2d 539 (Colo.App.1992), the Colorado Supreme Court granted certiorari, vacated our judgment, and remanded the cause for our reconsideration in light of *Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916 (Colo.1993).

On such reconsideration, we are satisfied that our reversal of the trial court's judgment dismissing plaintiff's complaint was correct and that the cause must be remanded for consideration and determination of the trial court's subject matter jurisdiction over the cause pursuant to C.R.C.P. 12(b)(1). *See* § 24–10–108, C.R.S. (1988 Repl.Vol. 10A); *see also Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra.*

The judgment is reversed, and the cause is remanded with directions that the trial court conduct further proceedings, including an evidentiary hearing if necessary, and determine the threshold issue as to whether plaintiff's claim is barred by governmental immunity or whether it is within the statutory waiver of immunity provided by § 24–10–106(1)(c), C.R.S. (1988 Repl.Vol. 10A) as having been caused by machinery annexed as a fixture in a public building.

JONES and MARQUEZ, JJ., concur.