Mary DiPAOLO, Plaintiff–Appellant,

v.

**BOULDER VALLEY SCHOOL DISTRICT, RE–2, Defendant– Appellee.**

No. 94CA0295.

Colorado Court of Appeals, Div. C.

Jan. 12, 1995.

Rehearing Denied March 9, 1995.

Certiorari Denied Aug. 21, 1995.

Turner & Meiklejohn, P.C., Scott A. Meiklejohn, Denver, for plaintiff-appellant.

Watson, Nathan & Bremer, P.C., J. Andrew Nathan and Andrew J. Fisher, Denver, for defendant-appellee.

Opinion by Judge KAPELKE.

In this negligence action to recover damages for personal injuries, plaintiff, Mary DiPaolo, appeals from the summary judgment in favor of defendant, Boulder Valley School District, RE–2, based on sovereign immunity. We affirm.

In her complaint, plaintiff alleged that she was injured in 1990 while participating in a training program at defendant's transportation facility. Specifically, plaintiff alleged that she toured the interior of a damaged school bus that had been in an accident and was being displayed in a bus barn as a safety exhibit. According to the complaint, the only exit from the bus was through the emergency door, which was approximately three feet off the ground, and no steps were provided. In descending from the bus, plaintiff fell and injured her head and knee. Plaintiff claimed that her injuries resulted from defendant's negligent failure to provide safe and appropriate devices for exiting the bus.

Defendant filed an answer admitting that the damaged bus was being stored on property owned by the defendant and that plaintiff had viewed the inside of the bus and exited by jumping down through the emergency exit. Defendant denied negligence and asserted, among other defenses, that plaintiff's claim was barred by the Colorado Governmental Immunity Act.

Defendant also filed a motion for summary judgment, asserting that sovereign immunity barred plaintiff's claim because her injury did not result from the operation of a motor vehicle or from a dangerous condition of a public building. Both parties submitted exhibits with their summary judgment briefs.

The trial court determined from undisputed facts that plaintiff's claims were barred. Specifically, the court concluded that the parked, inoperable bus did not become part

of defendant's transportation facility when it was placed there and that, therefore, the waiver for a "dangerous condition of a public building" did not apply. The court further determined that the use of the badly damaged school bus as an immobile safety display did not amount to the "operation of a motor vehicle" for purposes of § 24–10–106(1)(a), C.R.S. (1988 Repl.Vol. 10A). Accordingly, the trial court determined that it lacked subject matter jurisdiction over plaintiff's claims.

## I.

■ On appeal, plaintiff contends that the trial court erred in concluding that her injury did not result from the "operation of a motor vehicle" within the waiver provision of § 24–10–106(1)(a). In support of her contention, she argues that there was no requirement that the bus be in use "as a motor vehicle" for the waiver to apply. We conclude that the waiver is inapplicable.

■ The issue of sovereign immunity is one of subject matter jurisdiction, and the proper procedure for determining whether a public entity is immune is under C.R.C.P. 12(b)(1) rather than C.R.C.P. 56. *See Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993).

■ Further, appellate review of a trial court's determination of this threshold factual issue is to be conducted under the highly deferential, clearly erroneous standard. *See Cline v. Rabson,* 862 P.2d 1035 (Colo.App. 1993). Also, if a reviewing court is satisfied that all relevant evidence has been presented to the trial court, it may apply C.R.C.P. 12(b)(1) to the record without a remand. *See Capra v. Tucker,* 857 P.2d 1346 (Colo.App. 1993).

Because the record here confirms that all the relevant evidence was presented to the trial court, we are in a position to review the immunity issues without a remand.

Subject to an exception not pertinent here, § 24–10–106(1)(a) provides that sovereign immunity is waived by a public entity in an action for injuries resulting from the operation of a motor vehicle, owned or leased by such public entity, by a public employee while in the course of employment.

■ In enacting this subsection, the General Assembly intended to waive the defense of sovereign immunity for injuries arising from automobile accidents caused by the negligent operation of government-owned motor vehicles. *See Bertrand v. Board of County Commissioners,* 872 P.2d 223 (Colo.1994).

The Governmental Immunity Act does not define the term "motor vehicle." However, the supreme court recently held that, for purposes of the waiver of immunity in § 24–10–106(1)(a), the term includes "any vehicle on wheels having its own motor and not running on rails or tracks, *for use on streets or highways." Bertrand v. Board of County Commissioners, supra,* 872 P.2d at 229 (emphasis supplied). *See also Sierra v. City & County of Denver,* 730 P.2d 902 (Colo.App. 1986) (since plaintiff's allegations would permit proof that her injuries resulted from the operation of a *moving* fire truck, it was error to dismiss her complaint for failure to state a claim).

Here, it was undisputed that, at the time of plaintiff's injuries, the badly damaged school bus was incapable of being operated on streets or highways and was being used only as an immobile exhibit in a safety display. These undisputed facts support the trial court's determination that plaintiff's injuries did not result from the operation of a motor vehicle and that, therefore, there was no waiver of sovereign immunity pursuant to § 24–10–106(1)(a).

## II.

■ Alternatively, plaintiff contends that the trial court erred in concluding that her injury did not result from the "dangerous condition of a public building" within the waiver provision of § 24–10–106(1)(c), C.R.S. (1988 Repl.Vol. 10A). In support of this contention, she argues that, notwithstanding the supreme court's holding in *Jenks v. Sullivan,* 826 P.2d 825 (Colo.1992), there was no requirement that the bus constitute part of the actual structure of the storage barn in order for the waiver to apply. Again, we perceive no error.

In *Jenks v. Sullivan, supra,* the supreme court held that the waiver of immunity in § 24–10–106(1)(c) refers only to an injury arising from the state of the building itself, or the use of a state of the building, but not to one arising from activities conducted within the building. The injury must stem from a physical or structural defect in the building itself. *See also Mentzel v. Judicial Department,* 778 P.2d 323 (Colo.App. 1989) (no waiver of immunity was intended for injuries caused by the use of facilities unless such use renders the facility or structure itself unsafe for public use).

We reject plaintiff's argument that the holding in *Jenks* is no longer authoritative because of the supreme court's recent opinion in *Bertrand v. Board of County Commissioners, supra.* As noted above, in *Bertrand* the court addressed the appropriate interpretation of the term "motor vehicle" under the Act. In doing so, the court determined that the immunity provisions of the Act were in derogation of the common law and must therefore be strictly construed.

To the extent that the court in *Jenks* and *Bloomer v. Board of County Commissioners,* 799 P.2d 942 (Colo.1990) had previously concluded that statutory waivers of immunity should be strictly construed, those cases were overruled in *Bertrand.* As we read the *Bertrand* opinion, however, the court did not intend to overturn or disavow its interpretation in *Jenks* of the phrase "dangerous condition of a public building."

Here, in her deposition, plaintiff acknowledged that the damaged bus was parked in a stall in an unenclosed barn with a dirt and gravel floor. She has not alleged that the bus was affixed to the open barn or that a condition of the barn itself caused the injury.

Under these circumstances, we consider the holdings in *Jenks v. Sullivan, supra,* and *Mentzel v. Judicial Department, supra,* to be dispositive. Hence, the undisputed facts support the trial court's determination that the parked, inoperable bus had not become part of the barn that housed it. Accordingly, the trial court properly concluded that sovereign immunity had not been waived pursuant to § 24–10–106(1)(c).

Finally, we reject plaintiff's contention that *Longbottom v. State Board of Community Colleges & Occupational Education,* 872 P.2d 1253 (Colo.App.1993) compels a different result. In *Longbottom,* the court pointed out that the machine involved was "a part of the facility." Here, as the trial court correctly recognized, the bus was not a part of the barn, and the plaintiff's injury did not stem from a physical defect in the barn itself.

Judgment affirmed.

STERNBERG, C.J., and TAUBMAN, J., concur.