Heidi SANCHEZ, a minor, By and Through her next friend, parent, and guardian, Pearl DiFERDINANDO f/k/a Pearl Sanchez and Pearl DiFerdinando f/k/a Pearl Sanchez, Individually, Plaintiffs–Appellants,

v.

SCHOOL DISTRICT 9–R,
Defendant–Appellee.

No. 93CA1870.

Colorado Court of Appeals,
Div. II.

Jan. 26, 1995.

As Modified on Denial of Rehearing
Feb. 23, 1995.

Certiorari Denied Aug. 28, 1995.

James C. Anesi, P.C., James C. Anesi, Durango, for plaintiffs-appellants.

Caplan and Earnest, Susan S. Schermerhorn, Kathleen O. Nistico, Boulder, and Shand, McLachlan & Newbold, Michael E. McLachlan, Durango, for defendant-appellee.

Opinion by Judge PLANK.

Plaintiffs, Heidi Sanchez and her mother, Pearl DiFerdinando, appeal from the summary judgment entered in favor of defendant, School District 9–R. We affirm.

Sanchez was born with cerebral palsy and limited intellectual capacity. She was "mainstreamed" into a regular public school curriculum with non-disabled students. Her curriculum included a regular physical education class. During one of the gymnastics classes in which vaulting and parallel bars exercises were being taught, Heidi attempted to perform a vaulting exercise and fell, injuring her knee.

Plaintiffs filed this action under 42 U.S.C. § 1983 (1988), seeking damages for Heidi's injury on the ground that, by allowing a situation to arise in which Heidi received physical injuries, defendant had violated Heidi's federal statutory rights, as a disabled child, to a "free and appropriate public education." 20 U.S.C. § 1400 et seq. (1988 & Supp. V 1993). DiFerdinando asserted a consortium claim derivative of Heidi's civil rights claim. Additionally, plaintiffs asserted a common law tort claim under the exception to the Colorado Governmental Immunity Act for an unreasonably dangerous condition of a public building.

On defendant's motion, the summary judgment challenged here was entered in defendant's favor on all three of the claims asserted in the complaint.

## I.

Plaintiffs first argue that the trial court erred in granting defendant's motion for summary judgment on plaintiffs' 42 U.S.C. § 1983 claim. We disagree.

42 U.S.C. § 1983 serves as a vehicle for providing remedies to individuals deprived of rights granted to them by the U.S. Constitution and federal statutes. In a § 1983 claim against a local governmental unit, including a school district, the plaintiff must allege conduct pursuant to an official policy or custom that was the cause of the constitutional violation; a local government will not be held liable for the acts of its employees simply pursuant to a theory of respondeat superior. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct.

2018, 56 L.Ed.2d 611 (1978); *see also Rogers v. Board of Trustees*, 859 P.2d 284 (Colo.App. 1993).

■ An official policy or custom sufficient to impose § 1983 liability on a local government unit may be shown by: 1) an officially adopted policy or decision to deprive persons of their federal constitutional or statutory rights; 2) a pattern of "persistent and widespread" practices resulting in such a deprivation; or 3) official inaction reflecting "deliberate indifference" to those protected rights. *Monell v. Department of Social Services, supra; City of Canton v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

In their § 1983 claim, plaintiffs contended that defendant had failed to provide special education and supportive services and aides for handicapped children mainstreamed into regular physical education classes and that this failure resulted in a custom or policy which violated Heidi's federal statutory right to a free and appropriate education. They also allege the same result from defendant's failure adequately to train its physical education teacher and student spotters to meet Heidi's special needs.

The dispositive issue thus becomes whether, under these allegations, there existed an unresolved issue of material fact, and whether defendant was entitled to judgment as a matter of law. *See Mancuso v. United Bank*, 818 P.2d 732 (Colo.1991).

### A. *Official Policy*

■ Section 1983 liability may be imposed on the basis of an officially adopted policy or decision only if a governmental policymaker makes a deliberate choice to follow a course of action from among various alternatives. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *Monell v. Department of Social Services, supra.*

■ The evidence provided by both defendant and plaintiffs demonstrated that, contrary to plaintiffs' position, defendant's official policy with respect to educating disabled children was designed to ensure that those children did in fact receive the free and appropriate education to which they were entitled under federal law. As such, a neces-

sary element for recovery under § 1983 was not sustainable by plaintiffs, and thus, defendant was entitled to summary judgment.

Plaintiffs, however, argued that the physical education teacher was a policymaker and the manner in which she individually conducted her class amounted to an official policy which was the cause of Heidi's injury. Despite this assertion, plaintiffs failed to provide any evidence that defendant had vested policymaking authority in the physical education teacher with respect to decisions she made in her day-to-day teaching duties. The alleged neglect by the teacher is not a policymaking act, and thus, plaintiffs' allegation amounts only to a § 1983 claim on the basis of respondeat superior. Such a claim cannot lie. *Monell v. Department of Social Services, supra.* Further plaintiffs have identified no basis in Colorado law for their conclusion that a teacher performing her teaching duties is a policymaker for purposes of § 1983, and we can find no such basis.

### B. *Persistent and Widespread Practice*

■ Section 1983 liability may also be imposed on a local government for practices which, although not officially adopted by policymakers, become so permanent and well settled as to have the force and effect of law. *Monell v. Department of Social Services, supra.*

Plaintiffs have not demonstrated even the possibility of a widespread, ongoing practice of improper mainstreaming of disabled students into regular physical education curricula within the district. Rather, their entire claim is premised on the allegedly improper acts of an individual teacher, in an individual class, during one classroom exercise.

### C. *Official Inaction Resulting in Deliberate Indifference*

■ Finally, § 1983 liability may be imposed on a local governmental unit when it demonstrates a policy of "deliberate indifference" to a person's federal rights. However, before liability will be imposed on this basis, it must be demonstrated that governing officials were aware of the problem and chose to ignore it. *City of Canton v. Harris, supra;*

*see also Jones v. Board of Education of School District 50,* 854 P.2d 1386 (Colo.App. 1993).

Here, plaintiffs alleged that the failure of the district adequately to train its physical education teacher and spotters, as well as a variety of individual acts by the physical education teacher, resulted in Heidi's injury. However, they failed to demonstrate that defendant had any notice of this training deficiency or of the improper acts; without notice, defendant could not be deliberately indifferent to the situation.

Plaintiffs failed to present evidence supporting any of the three possible grounds for recovery under § 1983. Their claim amounts only to an allegation of simple negligence, which is not actionable under § 1983. Therefore, summary judgment in favor of defendant on Heidi's § 1983 claim was proper.

### II.

██ Plaintiffs assert that if Heidi's § 1983 claim survives, so does her mother's consortium claim. The converse is also true: if Heidi's § 1983 claim fails, her mother's claim fails as well. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Thus, because we conclude summary judgment in favor of defendant was properly granted on Heidi's claim, and because DiFerdinando's consortium claim is derivative of Heidi's claim, *see Lee v. Colorado Department of Health,* 718 P.2d 221 (Colo.1986), the consortium claim cannot survive, and we need not reach the issue of whether a consortium claim by a parent for a child's injuries exists under § 1983. Hence, summary judgment in favor of defendant on the consortium claim was proper.

### III.

██ Finally, plaintiffs contend that the trial court erred in granting summary judgment in favor of defendant on plaintiffs' common law tort claim against defendant. Defendant had moved for summary judgment on this claim on the grounds that the Colorado Governmental Immunity Act (CGIA), § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A), barred plaintiffs' claim. We are not persuaded by plaintiffs' arguments.

As an initial matter, and although the parties did not raise the issue, we recognize that the question of whether sovereign immunity has been waived is one of subject matter jurisdiction that is to be determined under C.R.C.P. 12(b)(1), rather than according to the standards for summary judgment. *See Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993). However, because we are satisfied that all relevant evidence was presented to the trial court in connection with the motion for summary judgment, we may review the immunity issue without remanding the matter to the trial court for an evidentiary hearing on immunity. *See Capra v. Tucker,* 857 P.2d 1346 (Colo.App.1993).

The CGIA provides:

(1) A public entity shall be immune from liability in all claims for injury which lie in tort ... except as provided otherwise in this section. Sovereign immunity is waived by a public entity in an action for injuries resulting from:

     . . . .

(c) A dangerous condition of any public building.

Section 24–10–106, C.R.S. (1989 Repl.Vol. 10A).

Section 24–10–103(1), C.R.S. (1989 Repl. Vol. 10A) defines a dangerous condition as "a physical condition of a facility *or the use thereof*" which poses an unreasonable risk to the health or safety of the public. (emphasis added) Plaintiffs argue for a construction of the phrase "or the use thereof" as modifying the term "facility." However, our supreme court rejected this argument when it concluded that in order to fall within the above-quoted exception, provided by § 24–10–106(1)(c), the dangerous condition must stem from "a physical or structural defect in the [public] building" rather than from an activity conducted within the building. *Jenks v. Sullivan,* 826 P.2d 825, 830 (Colo.1992) (emphasis added).

It is true that *Jenks, supra,* was partly overruled by *Bertrand v. Board of County Commissioners,* 872 P.2d 223 (Colo.1994). However, *Jenks* was expressly overruled only to the extent that it concluded that the

exceptions to the CGIA were in derogation of the common law and must be strictly construed. The construction of the statutory public building exception which the court adopted in *Jenks* was left untouched by *Bertrand, supra*, and therefore, we must follow it today. *See DiPaolo v. Boulder Valley School District RE–2*, 902 P.2d 439 (Colo. App.) (similarly interpreting *Bertrand).*

To the extent that *Longbottom v. State Board of Community Colleges & Occupational Education*, 872 P.2d 1253 (Colo.App.1993), relied upon by plaintiffs, and *Hendricks v. Weld County School District No. 6*, 895 P.2d 1120 (Colo.App. 1995) are contrary to this opinion, we decline to follow them.

Accordingly, the trial court's summary judgment in favor of defendant on Heidi's § 1983 claim, DiFerdinando's consortium claim, and plaintiffs' common law tort claims is affirmed.

HUME and ROY, JJ., concur.