Sandra **REYNOLDS, Plaintiff–Appellant,**

v.

**STATE BOARD FOR COMMUNITY COLLEGES AND OCCUPATIONAL EDUCATION, Defendant–Appellee.**

No. 95CA1283.

Colorado Court of Appeals, Div. I.

May 2, 1996.

Rehearing Denied June 13, 1996.

Certiorari Denied May 27, 1997.

Fogel, Keating, Wagner, Polidori, Shafner, Struthers & Heron, P.C., Steven R. Polidori, Laurence J. Free, Jennifer A. Poynter, Denver, for Plaintiff-Appellant.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Thomas C. Sullivan, Assistant Attorney General, Denver, for Defendant–Appellee.

Opinion by Judge METZGER.

Plaintiff, Sandra Reynolds, appeals the judgment dismissing her complaint against defendant, State Board for Community Colleges and Occupational Education, on the basis of sovereign immunity. We affirm.

Plaintiff, a graphic arts student at the Community College of Denver, injured her thumb while cleaning a printing press that had been modified to make the safety guards inoperable. Plaintiff sued defendant, seeking compensation for her injuries.

Defendant filed a motion to dismiss, asserting that plaintiff's complaint was barred by the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A). The trial court granted defendant's motion and dismissed the complaint.

Plaintiff appealed and a division of this court reversed, reinstated plaintiff's complaint, and remanded the cause to the trial court for further proceedings to determine whether the printing press was a fixture in the building. *Reynolds v. State Board for Community Colleges & Occupational Education,* 853 P.2d 539 (Colo.App.1992)(*Reynolds I* ). The supreme court granted certiorari review, vacated the decision, and remanded the cause to this court for reconsideration in light of *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993). Upon reconsideration, this court reaffirmed its decision in *Reynolds I* and again remanded the cause to the trial court. *Reynolds v. State Board for Community Colleges & Occupational Education,* 873 P.2d 1 (Colo.App.1993).

On remand, the trial court, by a different judge, determined that the printing press was not a fixture in a public building. It therefore concluded that plaintiff's action was barred by the GIA and once again dismissed her complaint.

## I.

Plaintiff contends that the trial court erred in ruling that she was required to prove that the printing press was a fixture in order to establish a waiver of immunity under the GIA. She argues that the trial court erred in relying on *Jenks v. Sullivan,* 826 P.2d 825 (Colo.1992), and in not following *Longbottom v. State Board of Community Colleges & Occupational Education,* 872 P.2d 1253 (Colo.App.1993). We conclude that the supreme court's decision in *Jenks v. Sullivan, supra,* is dispositive.

The GIA provides that a public entity and its employees are immune from liability for all claims that lie or could lie in tort except as expressly provided in the GIA. Section 24–10–105, C.R.S. (1988 Repl.Vol. 10A). Under § 24–10–106(1)(c), C.R.S. (1988 Repl.Vol. 10A), immunity is waived in an action seeking compensation for injuries resulting from a "dangerous condition of any public building."

■ The term "dangerous condition" is defined in § 24–10–103(1), C.R.S. (1995 Cum. Supp.) as:

[A] physical condition of a facility or the use thereof which constitutes an unreasonable risk to the health or safety of the public, which is known to exist or which in the exercise of reasonable care should have been known to exist and which condition is proximately caused by the negligent act or omission of the public entity in constructing or maintaining such facility.

In *Jenks v. Sullivan, supra,* our supreme court determined that the phrase "or the use thereof" means the use of a physical condition of a facility. *See also Mentzel v. Judicial Department,* 778 P.2d 323 (Colo.App. 1989)(the phrase "use thereof" relates to the physical condition of public facilities). The court thus concluded that the statute refers to:

[ A]n injury arising from the state of the building itself or the use of a state of the building, but not to one arising from activities conducted within the building. Injury stemming from the use of a dangerous or defective physical condition of the building itself might include injury resulting from, for example, using a faulty elevator or falling down defective stairs.

*Jenks v. Sullivan, supra,* at 827.

The court went on to state that:

The language in section 24–10–106(1), together with the language defining dangerous condition at section 24–10–103(1), does not waive governmental immunity for activities conducted in public buildings. The dangerous condition must stem from a physical or structural defect in the building.

*Jenks v. Sullivan, supra,* at 830.

As noted by plaintiff, the decision in *Jenks v. Sullivan, supra,* was overruled in *Bertrand v. Board of County Commissioners,* 872 P.2d 223 (Colo.1994), to the extent it had held that statutory waivers of immunity should be strictly construed. *See Sanchez v. School District 9–R,* 902 P.2d 450 (Colo.App. 1995). However, contrary to plaintiff's contention, we conclude that nothing in *Bertrand* indicates that the supreme court intended to repudiate its construction in *Jenks* of the provision waiving immunity for a dangerous condition of a public building. *See DiPaolo v. Boulder Valley School District, RE–2,* 902 P.2d 439 (Colo.App.1995).

Relying on *Jenks v. Sullivan, supra,* the *Reynolds I* court held that an injury sustained from the operation of an improperly maintained printing press would arise from a dangerous condition of a public building if the printing press were to have been installed or annexed as a fixture in the building. The court noted that there was no logical basis for concluding that this situation was distinguishable from the elevator example cited by the *Jenks* court. Accordingly, it remanded the cause to the trial court for further proceedings to determine whether the printing press was a fixture in a public building.

Later, a division of this court in *Longbottom v. State Board of Community Colleges & Occupational Education, supra,* held that a college student, who had partially amputated one hand in a gunsmithing class while operating a jointer machine that was not equipped with proper safety guards, was not barred from suing the public college by the GIA. The division distinguished *Reynolds I,* and *Jenks v. Sullivan, supra,* and held that the jointer machine was an integral part of the facility. It concluded that, when the use of a public building renders an integral part of the facility a dangerous condition, immunity under the GIA will be waived.

As we noted previously, our supreme court in *Jenks* held that immunity is waived under § 24–10–106(1)(c) for those injuries arising from the use of a dangerous or defective physical condition of the building itself. Accordingly, consistent with that analysis and with the holding in *Reynolds I,* we conclude that a defective piece of equipment constitutes a dangerous or defective physical condition of a public building, giving rise to a waiver of immunity under § 24–10–106(1)(c), only if the equipment has been installed or annexed as a fixture in the building. Thus, to the extent *Longbottom v. State Board of Community Colleges & Occupational Education, supra,* permits otherwise, we conclude that it is contrary to *Jenks* and decline to follow it.

Therefore, the trial court did not err in requiring plaintiff to prove that the printing press was a fixture in a public building in order to establish a waiver of immunity under the GIA.

## II.

Alternatively, plaintiff contends that the trial court erred in determining that the printing press was not a fixture in the building. We disagree.

Contrary to plaintiff's contention, we conclude that the legal analysis for determining whether a machine constitutes a fixture must be based on prior decisional law. *But see* A. Squillante, *The Law of Fixtures: Common Law & the Uniform Commercial Code* § 3.02 (1993).

The question whether immunity has been waived under the GIA is an issue of subject matter jurisdiction for the trial court's determination pursuant to C.R.C.P. 12(b)(1), and its resolution of this issue will not be reversed unless it is clearly erroneous. *Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra.* Under C.R.C.P. 12(b)(1), the plaintiff has the burden to prove jurisdiction. *Capra v. Tucker,* 857 P.2d 1346 (Colo.App.1993).

The general tests for determining whether an object is a fixture are: (1) annexation to the real property; (2) adaptation to the use to which the real property is devoted; and (3) intention that the object become a permanent accession to the real property or a permanent structure on the real property. This determination is a question of fact and the trial court's decision will not be disturbed on appeal unless it is unsupported by the record. *Mining Equipment Inc. v. Leadville Corp.*, 856 P.2d 81 (Colo.App.1993).

Here, the trial court found that: the printing press weighed approximately 700 pounds; it had been moved from another building to its present location in 1987, but had not been moved since then; there were no plans to move the printing press in the future; it was not attached to the floor or to the building in any manner other than by an electrical cord; and it could be moved from the building without causing damage to the structure.

The record supports each of these factual findings; thus, we will not overturn its determination on review. *See* Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra; *Mining Equipment Inc. v. Leadville Corp., supra.*

Therefore, because plaintiff's injuries were not caused by a physical or structural defect of the building, she failed to establish a waiver of sovereign immunity, and the trial court properly dismissed the complaint.

The judgment is affirmed.

DAVIDSON and RULAND, JJ., concur.