**Kathaleen L. CAPRA, Plaintiff–Appellant,**

v.

**Durron T. TUCKER, Defendant–Appellee.**

**No. 92CA1048.**

Colorado Court of Appeals,
Div. V.

July 29, 1993.

Beem & Mann, P.C., Clifford L. Beem, Denver, for plaintiff-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jane R. Christman, First Asst. Atty. Gen., Denver, for defendant-appellee.

Judge TAUBMAN.

In this negligence action to recover damages for personal injuries sustained in an automobile accident, plaintiff, Kathaleen L. Capra, appeals from the summary judgment which dismissed her complaint against defendant, Durron T. Tucker. We affirm.

The complaint alleged that plaintiff was injured in January 1988 when defendant, a state patrol officer, negligently drove a patrol car so as to collide with her automobile. In answer to the complaint, defendant, appearing *pro se*, filed a copy of a memorandum written to his supervisor at the Colorado Department of Public Safety describing his version of the accident. The Colorado Attorney General subsequently entered an appearance on defendant's behalf.

Defendant then filed a motion for summary judgment pursuant to C.R.C.P. 56. The motion asserted that the action was barred by plaintiff's failure to comply with the notice requirements of the Colorado Governmental Immunity Act.

Attached to the motion were affidavits of both defendant and his supervisor stating that, at the time of the accident, defendant was on duty as a state trooper with the Colorado State Patrol driving a state-owned vehicle. The supervisor's affidavit also stated that defendant was acting within the course and scope of his employment when the accident occurred. Finally, the motion included an affidavit from the Colorado Attorney General's custodian of claim files stating that no notice of plaintiff's claim had been located in those files.

Plaintiff filed a response to the motion in which she admitted that, at the time of the accident, defendant was a state trooper with the Colorado State Patrol and was driving from his home to his place of employment at the Governor's Mansion. The response asserted, however, that defendant was not acting within the course and scope of his employment at the time of the accident. Accordingly, plaintiff asserted that no notice of claim was required pursuant to § 24–10–109, C.R.S. (1988 Repl.Vol. 10A).

Plaintiff attached to her response an affidavit from her counsel stating that defendant's supervisor had previously told him that, although defendant was furnished with a state-owned car to drive to and from work because he was "on call," defendant did not actually start his workday until he arrived at the Governor's Mansion.

In his reply brief, defendant noted his supporting affidavits, which stated that the Colorado State Patrol provided his patrol car and paid all expenses for its operation, and that he was required to use this car in all aspects of his job, which included traveling between his home and the Governor's Mansion.

The trial court initially denied defendant's motion on the basis of unresolved factual issues. Subsequently, defendant filed a renewed motion for summary judgment with two additional supporting exhibits. One exhibit was an affidavit from the Executive Director of the Department of Public Safety. The other exhibit was part of the defendant's deposition testimony.

Plaintiff responded to the renewed motion, repeating her argument that the accident did not occur within the scope of defendant's employment because his workday did not begin until he arrived at the Governor's mansion. She did not attach any affidavits or other exhibits to her response.

Based upon the affidavits and the deposition testimony, the trial court determined that the undisputed facts disclosed that plaintiff was engaged in the performance of his duties when the accident occurred and that plaintiff had not shown any deviation from the performance of those duties. Further, the trial court determined that plaintiff's arguments raised no genuine issues of material fact and that, as a matter of law, defendant's activities at the time of the accident were within the scope of his employment.

Accordingly, because it was undisputed that the statutory notice had not been given, the trial court concluded that plaintiff's claim was barred, and it entered summary judgment for defendant.

Plaintiff contends that the trial court erred in concluding that her claims were barred because of her failure to comply with the notice provisions of § 24–10–118(1)(a), C.R.S. (1988 Repl.Vol. 10A). We disagree.

When a public entity claims before trial that timely notice was not given to it under the Governmental Immunity Act, the issue must be determined by the court before trial. Section 24–10–108, C.R.S. (1988 Repl. Vol. 10A). Further, the supreme court has recently declared that notice issues arising under the Governmental Immunity Act must be decided pursuant to C.R.C.P. 12(b)(1), rather than by summary judgment. *Trinity Broadcasting of Denver, Inc. v. The City of Westminster*, 848 P.2d 916 (Colo.1993). Thus, depending on the case, the trial court may allow limited discovery and conduct an evidentiary hearing before deciding the notice issue.

■ Further, if we are satisfied that all the relevant evidence has been presented to the trial court, we may apply C.R.C.P. 12(b)(1) to the record before us without

remanding the case for an evidentiary hearing. *See Trinity Broadcasting of Denver, Inc. v. The City of Westminster, supra; Kittinger v. City of Colorado Springs,* (Colo.App. No. 92CA1332, July 1, 1993).

■    Under C.R.C.P. 12(b)(1), the plaintiff has the burden to prove jurisdiction. *Trinity Broadcasting of Denver, Inc. v. The City of Westminster, supra.* Under the Governmental Immunity Act, proper notice of injury is a jurisdictional prerequisite when an alleged injurious act by a public employee occurs or is alleged to have occurred "during the performance of [the employee's] duties and within the scope of [the employee's] employment." Section 24–10–118(1)(a), C.R.S. (1988 Repl.Vol. 10A). Thus, the dispositive issue here is whether defendant was so acting when the accident at issue occurred.

This is a question of first impression in this context. Accordingly, we look for guidance to Colorado case law applying this concept in other contexts.

While the statute at issue here uses the phrase "during the performance of [the employee's] duties," neither party argues that this phrase adds anything to the phrase "within the scope of [the employee's] employment." Hence, we assume, without deciding, that these phrases are equivalent.

In the context of workers' compensation, the determination whether an accident occurred within the scope of employment depends on an examination of the totality of the circumstances. *See Mineral County v. Industrial Commission,* 649 P.2d 728 (Colo.App.1982). Further, in the same context, if an employee's travel is at the express or implied request of the employer, or if the travel confers a benefit on the employer beyond the sole fact of the employee's arrival at work, then the travel is within the scope of employment. *Varsity Contractors v. Baca,* 709 P.2d 55 (Colo. App.1985). Moreover, where the employer agrees to provide its employee with the means of transportation or to pay the employee's cost of commuting to and from work, the scope of employment inferential-ly enlarges to include the employee's transportation. *Industrial Commission v. Lavach,* 165 Colo. 433, 439 P.2d 359 (1968). We conclude that these same principles should be applied here.

■    Here, in his affidavit, the Department of Public Safety's executive director stated that he was responsible for the supervision of Colorado State Patrol employees and for the use of state-owned vehicles by those employees. He declared that defendant was required to drive the patrol car to and from his private residence to perform his job properly, that the state paid all operating costs of the vehicle while defendant was on call, and that defendant was not allowed to use the patrol car for personal reasons. He further stated that the state-owned patrol car assigned to defendant was equipped with a patrol radio and spotlights because, when he was on call, defendant was expected to stop and render assistance to motorists in need or to call for assistance on the car's radio.

Plaintiff presented no evidence to dispute these facts. Her only evidence was her lawyer's affidavit noted above.

Accordingly, we are satisfied that all the relevant evidence concerning plaintiff's employment status was presented to the trial court, and thus, we may decide the jurisdictional issue without remanding for an evidentiary hearing. *See Trinity Broadcasting of Denver, Inc. v. The City of Westminster, supra.*

Based upon our review of the evidence, we agree with the trial court's determination that the accident occurred during the performance of defendant's duties and within the scope of defendant's employment for the purpose of triggering the jurisdictional notice requirement of § 24–10–118(1)(a).

Furthermore, the fact that defendant's compensation may have been calculated based upon his arrival time at the Governor's Mansion was not dispositive. Even if that fact is accorded some significance, the totality of the evidence demonstrated that defendant's use of the state vehicle to and

from work was required in order to pursue his employer's business. *See Whale Communications v. Claimants in re Death of Osborn,* 759 P.2d 848 (Colo.App.1988).

Accordingly, because it was undisputed that no notice of claim had been filed, the trial court properly dismissed plaintiff's complaint for lack of subject matter jurisdiction. *See East Lakewood Sanitation District v. District Court,* 842 P.2d 233 (Colo.1992); *Aetna Casualty & Surety Co. v. Denver School District No. 1,* 787 P.2d 206 (Colo.App.1989).

Judgment affirmed.

HUME and DAVIDSON, JJ., concur.