**Clifford E. CLINE, Plaintiff–Appellant,**

v.

**Robert RABSON, The Police Department of the City of Loveland, a governmental entity, and The City of Loveland, a municipal corporation, Defendants–Appellees.**

**No. 91CA0844.**

Colorado Court of Appeals,
Div. IV.

Oct. 21, 1993.

Scott DeDolph, Fort Collins, for plaintiff-appellant.

Watson, Nathan & Bremer, P.C., J. Andrew Nathan, Joseph J. Fraser, III, Denver, for defendants-appellees.

Bruno, Bruno & Colin, P.C., Marc F. Colin, Denver, for amicus curiae Fraternal Order of Police Colorado State Lodge.

Opinion by Judge CRISWELL.

On petition for certiorari, the Colorado Supreme Court vacated our judgment in *Cline v. Rabson*, 856 P.2d 1 (Colo.App. 1992) and remanded the cause to us for reconsideration in light of its recent decision in *Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916 (Colo.1993). We have reconsidered the issues presented and affirm the summary judgment entered by the trial court dis-

missing plaintiff's claim as barred under the Governmental Immunity Act, § 24–10–106 (1988 Repl.Vol. 10A).

## I.

In *Trinity,* our supreme court held that the issue of sovereign immunity is one of subject matter jurisdiction and, therefore, the proper procedure for determining whether a public entity is immune under the statute is governed by C.R.C.P. 12(b)(1) and not C.R.C.P. 56. In *Trinity,* the court also held that the trial court must act as fact finder and may consider, in proceeding under C.R.C.P. 12(b)(1), any competent evidence pertaining to the immunity issue without applying the requirement of C.R.C.P. 56 that there be no dispute in the material facts.

The *Trinity* court also declared that appellate review of the trial court's determination of these threshold factual issues is to be conducted under the highly deferential, clearly erroneous, standard.

Here, pursuant to § 24–10–108 (1988 Repl.Vol. 10A), the trial court held an evidentiary hearing on the question whether defendant's operation of his emergency vehicle complied with the emergency vehicle statute, § 42–4–106(4), C.R.S. (1993 Repl. Vol. 17), which requires the driver of an emergency vehicle to "drive with due regard for the safety of others." Finding that defendant had operated the vehicle with due care, the court dismissed plaintiff's complaint because of sovereign immunity.

 Although the issue of governmental immunity here was raised by defendant in the form of a motion for summary judgment under C.R.C.P. 56, the trial court did not limit itself to a consideration of the evidentiary materials submitted in support of and in opposition to the request for summary judgment. Instead, it conducted an evidentiary hearing and received testimony from witnesses. Hence, the court's determination that defendant acted with due care was reached only after considering the testimony of the witnesses and their credibility. Under *Trinity,* the procedure adopted by the trial court for resolving the immunity issue was the proper course mandated by § 24–10–108.

 Further, the trial court here not only reviewed documentary evidence, but also heard testimony from the plaintiff, defendant, and a police department accident reconstructionist. The record contains competent evidence that supports the trial court's ruling that the police officer was not operating his vehicle negligently when he struck plaintiff, and even though that evidence may be subject to conflicting inferences, the trial court's determination will not be disturbed on review. *See In re Marriage of Huff,* 834 P.2d 244 (Colo.1992); *Fogg v. Macaluso,* —— P.2d —— (Colo.App. No. 92CA1196, July 29, 1993).

## II.

In our previous opinion, we concluded that under § 24–10–106(1)(a), C.R.S. (1988 Repl.Vol. 10A), a governmental entity waives immunity for the operation of an emergency vehicle only if such vehicle is being properly operated under § 42–4–106(2) or (3), C.R.S. (1993 Repl.Vol. 17) and that § 42–4–106(4), C.R.S. (1993 Repl.Vol. 17) imposed a condition of due care upon such operation. *See* § 42–4–106(2) (exemptions from the traffic regulations described are "subject to the conditions stated in this article"). After the issuance of our original opinion in this cause, another division of this court in *Fogg v. Macaluso, supra,* has concluded that the conditions described in § 42–4–106(4) need not be met in order to render the driver or the responsible government entity immune from liability for the injuries resulting from the negligent operation of such vehicle.

However, because the trial court found that the emergency vehicle driver here exercised due care in the operation of the vehicle, we do not revisit that issue.

Judgment affirmed.

JONES and DAVIDSON, JJ., concur.