Jeffrey M. SHANDY and Donald R. Kidd, Plaintiffs–Appellants,

v.

Karen LUNCEFORD, Defendant–Appellee.

No. 94CA0160.

Colorado Court of Appeals, Div. III.

Nov. 3, 1994.

Stephen M. Munsinger, Denver, for plaintiffs-appellants.

Shand, McLachlan & Newbold, P.C., Michael E. McLachlan, Durango, for defendant-appellee.

Opinion by Judge DAVIDSON.

In this action to recover damages for personal injuries allegedly sustained in an automobile accident, plaintiffs, Jeffrey M. Shandy and Donald R. Kidd, appeal from the judgment dismissing their complaint against defendant, Karen Lunceford, for lack of subject matter jurisdiction. We affirm.

According to the complaint, plaintiffs were injured on March 3, 1992, when their vehicle collided with an automobile and trailer negligently operated by defendant.

Defendant filed an answer which admitted that a collision occurred on March 3, 1992, denied negligence, and asserted that the accident resulted from plaintiff Kidd's careless driving. She later filed an amended answer alleging that, at the time of the accident, she was acting in the course and performance of her duties as a teacher at Ignacio Elementary School, and adding the affirmative defense of sovereign immunity pursuant to the Colorado Governmental Immunity Act.

Subsequently, pursuant to C.R.C.P. 12(b)(1), defendant filed a motion for dismissal based upon lack of subject matter jurisdiction. Specifically, defendant asserted that plaintiffs had failed to comply with the notice provisions of the Colorado Governmental Immunity Act and that such compliance was a jurisdictional prerequisite to any tort action against a public employee.

In response, plaintiffs asserted that they had not learned of defendant's public employment until her deposition in August 1993. They further asserted that defendant was not acting within the course and scope of her employment at the time of the accident.

Pursuant to § 24–10–108, C.R.S. (1988 Repl.Vol. 10A) and C.R.C.P. 12(d), the trial court conducted an evidentiary hearing to determine the factual issues. Subsequently, the trial court entered written findings of fact and conclusions of law and dismissed the complaint for lack of subject matter jurisdiction, concluding that plaintiffs had not timely complied with the mandatory notice requirements of the Colorado Governmental Immunity Act.

## I.

Initially, we address plaintiffs' contention that the trial court erred in concluding that it lacked subject matter jurisdiction

over their negligence claims. Specifically, they argue that the running of the notice statute did not deprive the court of subject matter jurisdiction. We do not agree.

Section 24-10-118(1), C.R.S. (1988 Repl. Vol. 10A) provides that any action against a public employee which lies in tort and arises out of injuries sustained from an act or omission of such employee during the performance of his or her duties and within the scope of employment is subject to certain procedural requirements, regardless of whether the action is one for which the public entity might be liable for payment of a judgment.

■ One such requirement is compliance with the notice provisions of § 24-10-109, C.R.S. (1988 Repl.Vol. 10A) which is a jurisdictional prerequisite to any such action against a public employee. Failure to comply forever bars any such action against a public employee. Section 24-10-118(1)(a), C.R.S. (1994 Cum.Supp.). *See Capra v. Tucker,* 857 P.2d 1346 (Colo.App.1993).

The supreme court has consistently held that, in cases in which the claimants have failed to give notice within 180 days of the discovery of their injury, their claims are forever barred. *See, e.g., City of Lafayette v. Barrack,* 847 P.2d 136 (Colo.1993); *see also East Lakewood Sanitation District v. District Court,* 842 P.2d 233 (Colo.1992) (under the plain language of the section, when a party fails to comply with the 180-day notice requirement, the party's action must be dismissed). These cases are dispositive of plaintiffs' contentions that the trial court could have retained jurisdiction despite the lack of timely notice.

We also disagree with plaintiffs insofar as they appear to argue that the trial court was required to exercise jurisdiction over their negligence claims, notwithstanding the jurisdictional prerequisites, because to do otherwise would conflict with the stated purpose of the Colorado Auto Accident Reparations (No-Fault) Act, § 10-4-701, et seq., C.R.S. (1987 Repl.Vol. 4A), to ensure compensation for victims of auto accidents.

The express intent of the Governmental Immunity Act is to cover all actions against governmental entities or public employees which lie or could lie in tort. Thus, with exceptions not pertinent here, no public employee may be held liable for injuries arising out of a negligent act or omission occurring during the performance of her duties and within the scope of her employment except as provided in the Act. *See* § 24-10-105, C.R.S. (1988 Repl.Vol. 10A).

Further, the Colorado Governmental Immunity Act expressly states that public employees should be liable for their actions only to such an extent and subject to such conditions as are provided in the Act. Section 24-10-102, C.R.S. (1988 Repl.Vol. 10A). As stated, one of these conditions is the timely filing of a notice of claim.

Thus, to hold that a notice of claim was not required under the circumstances here would create an exception to the express requirements which the Colorado Governmental Immunity Act imposes to limit the circumstances in which public employees may be held accountable in tort. The No Fault Act contains no explicit or implicit provisions which would permit us to do so. *See State Department of Highways v. Mountain States Telephone & Telegraph Co.,* 869 P.2d 1289 (Colo.1994).

## II.

■ Plaintiffs next contend that the trial court erred in its determination that defendant was acting within the course of her public employment at the time of the accident. We perceive no error.

Plaintiffs do not appear to question whether a public employee driving her own motor vehicle in the course of her employment is entitled to claim sovereign immunity. And, we note, the plain language of § 24-10-118(2)(a), C.R.S. (1994 Cum.Supp.) would indicate that she is. *Compare* § 24-10-118(2)(a) *with* § 24-10-106(1)(a), C.R.S. (1994 Cum.Supp.) (waiver of immunity for operation of a motor vehicle owned or leased by a public entity by a public employee in the course of employment). Plaintiffs do argue, however, that because she was driving her own vehicle home after work and was on "professional leave" at the time of the acci-

dent, she was not acting within the course and scope of her employment.

 Under C.R.C.P. 12(b)(1), the plaintiff has the burden to prove jurisdiction. *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993). Generally, travel is within the scope of employment if it is at the express or implied request of the employer, or if it confers a benefit on the employer beyond the sole fact of the employee's arrival at work. *See Capra v. Tucker, supra; Varsity Contractors v. Baca,* 709 P.2d 55 (Colo.App.1985).

 Further, appellate review of a trial court's factual findings on notice and sovereign immunity issues under the Act is to be conducted under the highly deferential, clearly erroneous standard. *Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra; Cline v. Rabson,* 862 P.2d 1035 (Colo. App.1993). A court's findings are not "clearly erroneous" if they are supported by adequate and competent evidence in the record. *Pomeranz v. McDonald's Corp.,* 843 P.2d 1378 (Colo.1993).

Here, five witnesses testified at the evidentiary hearing. Defendant testified that, on the date of the accident, several of her firstgrade students had ridden her horses in a school-approved program. Consistent oral and written statements to this effect were also given by defendant to the state patrol officers who investigated the accident. She further stated that she had an understanding with the school that she would transport her horses to and from the riding facility for use in the school program.

In addition, the Ignacio school principal testified that, on the day of the accident, defendant brought her horses to school for participation in a program involving firstgrade students during school hours. He further testified that it was part of defendant's contract to conduct this program with her students once a week and that the program had been incorporated into the curriculum.

Hence, adequate and competent evidence supports the trial court's findings. Thus, we will not disturb its determination that the accident occurred during the performance of defendant's duties and within the scope of her employment for the purpose of triggering the jurisdictional notice requirement of § 24–10–118(1)(a). *See Capra v. Tucker, supra.*

### III.

 Finally, plaintiffs contend that, even if filing a notice of claim was required, the trial court erred in its determination that their notice of claim was untimely. In support of this contention, they assert that they did not learn that defendant was a public employee until approximately eighteen months after the accident and that they then promptly filed the mandatory notice. Again, we perceive no error.

As pertinent here, the Act requires the requisite notice to be filed "within one hundred eighty days after the date of the discovery of the injury." Section 24–10–109(1), C.R.S. (1988 Repl.Vol. 10A). With respect to this provision, the supreme court has declared as follows:

> The Act's notice period places a burden on the injured party to determine the cause of the injury, *to ascertain whether a* governmental entity or *public employee is the cause,* and to notify the governmental entity *within 180 days from the time when the injury is discovered.*

*Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra,* 848 P.2d at 927 (emphasis supplied). Thus, in *Trinity,* the supreme court held that the notice period was triggered when the plaintiff knew or should have known of its injury and that the date of discovery of the injury was not postponed until it also learned that the tortfeasor was a public entity.

Here, it was undisputed that plaintiffs discovered their injuries in March 1992 and that their notice of claim was not filed until October 1993. Further, as the trial court found, plaintiffs, who were FBI agents on duty in an agency vehicle at the time of the accident, presented no evidence indicating why they could not have discovered the pertinent information within 180 days of the accident. Under these circumstances, the trial court prop-

erly determined that plaintiffs' notice was untimely.

Judgment affirmed.

JONES and NEY, JJ., concur.