Michael HENDRICKS, a minor, By and Through his next friend and mother, Rebecca MARTENS; and Rebecca Martens, individually, Plaintiffs–Appellees,

v.

## WELD COUNTY SCHOOL DISTRICT NO. 6, Defendant–Appellant.

### No. 93CA1764.

Colorado Court of Appeals, Div. IV.

Jan. 26, 1995.

As Modified on Denial of Rehearing April 6, 1995.

Breit, Best, Richman & Bosch, P.C., Bradley A. Levin, Kristen L. Mix, Denver, for plaintiffs-appellees.

Fortune & Lawritson, P.C., Lowell Fortune, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

In this negligence action seeking damages for personal injuries, defendant, Weld County School District No. 6, appeals a judgment entered on a jury verdict in favor of plaintiffs, Michael Hendricks, a minor, and Rebecca Martens, his mother. We affirm.

The following facts are undisputed. Hendricks suffered a severe fracture of his left femur when he slid into an unpadded wall while playing a game in his elementary school gymnasium during a physical education class. The object of the game was to run from one end of the gymnasium to the opposite end without getting hit by any of the balls being thrown at the runners. At each end of the gymnasium was an area designated as a "safe" area defined by a space of approximately four feet between a black line and the wall. While running at a "full sprint" toward the "safe" area, Hendricks ducked in an effort to avoid being hit by a ball, fell to the floor, and slid into the unpadded wall.

Plaintiffs sued claiming that defendant was negligent in failing to exercise reasonable care with respect to the dangerous condition created by the use of the unpadded walls and that such failure proximately resulted in plaintiffs' injuries.

Defendant moved for dismissal on the ground that it was immune from liability pursuant to the Colorado Governmental Immunity Act (CGIA), § 24–10–101, et seq., C.R.S. (1988 Repl.Vol. 10A). The trial court denied defendant's motion, the case proceeded to trial, and the judgment here at issue resulted.

## I.

Defendant first contends that plaintiffs' claim is barred by the CGIA. We disagree.

Under the CGIA, a public entity is immune from tort liability unless, under the circumstances, it is within the scope of the statutorily specified exceptions. *Jenks v. Sullivan*, 826 P.2d 825 (Colo.1992). The legislative grant of immunity in the CGIA, however, is in derogation of the common law and must be strictly construed. *Bertrand v. Board of County Commissioners*, 872 P.2d 223 (Colo.1994).

Here, plaintiffs brought their claim pursuant to § 24–10–106(1)(c), C.R.S. (1988 Repl. Vol. 10A), which allows actions for injuries resulting from a "dangerous condition of any public building." Defendant challenges the applicability of this exception to the CGIA on the basis that, in its view, the unpadded wall cannot qualify as a "dangerous condition."

As defined in the CGIA:

'Dangerous condition' means a physical condition of a facility or the use thereof which constitutes an unreasonable risk to the health or safety of the public, which is known to exist or which in the exercise of reasonable care should have been known to exist and which condition is proximately caused by the negligent act or omission of the public entity in constructing or maintaining such facility.... A dangerous condition shall not exist solely because the design of any facility is inadequate.

Section 24–10–103(1), C.R.S. (1994 Cum. Supp.).

Citing *Jenks v. Sullivan, supra,* defendant asserts that plaintiffs' claim in this case implicates the *operation* of the public building and not its *condition.* Similarly, defendant asserts that because the school's original design did not call for padded walls in the gymnasium, defendant is immune from liability. We disagree.

Although the "dangerous condition" definition does not refer to injuries arising solely from activities conducted within the

building, the statute does refer to injuries arising from the state of the building itself or from the use of the state of the building. The dangerous condition, however, must stem from a physical or structural defect in the building. *Jenks v. Sullivan, supra.* And, by the express language of the statute, it cannot exist solely because the design of any facility is inadequate. *See Willer v. City of Thornton,* 817 P.2d 514 (Colo.1991).

■ Injuries which occur inside a public building but are caused by intervening third parties, rather than by a dangerous physical condition or defect of the building itself, do not fall under the "dangerous condition" definition. *Jenks v. Sullivan, supra; Duong v. County of Arapahoe,* 837 P.2d 226 (Colo.App. 1992). Moreover, no waiver of immunity exists for injuries caused by the use of the building or facility, unless such use renders the building or facility itself an unreasonable risk to public safety or health. *Mentzel v. Judicial Department,* 778 P.2d 323 (Colo. App.1989) (use of public building to serve alcohol to county employee did not waive immunity for injuries incurred in subsequent head-on collision with the county employee); *see also Montes v. Hyland Hills Park & Recreation District,* 849 P.2d 852 (Colo.App. 1992) (no waiver of immunity for injury arising from alleged negligent maintenance of golf cart).

■ However, when use of the public building renders an integral part of the facility a dangerous physical condition, governmental immunity will be waived. *Jenks v. Sullivan, supra; Longbottom v. State Board of Community Colleges & Occupational Education,* 872 P.2d 1253 (Colo.App.1993).

■ Here, plaintiff does not allege any inadequacy in the design of the building. Nor does the record indicate that the injury here resulted solely because of any inadequacy in the design. Rather, plaintiff contends that the physical condition of the building, *i.e.,* the unpadded wall, combined with its use, constitutes a dangerous condition of a public facility.

Unlike previous cases which have involved injuries arising from the acts of an intervening third party, arising solely from the activi-

ties conducted within the public building, or arising solely because of inadequate design, Hendricks' injury resulted from a dangerous physical condition of the building itself.

## II.

Defendant next contends that, even if plaintiffs' claim were actionable, their failure to prove that the condition constituted a physical defect, that the condition was not merely the result of inadequate design, and that the condition was the proximate cause of plaintiffs' injuries entitles defendant to judgment notwithstanding the verdict. We disagree.

### A.

■ The issue of sovereign immunity is one of subject matter jurisdiction. *Fogg v. Macaluso,* 892 P.2d 271 (Colo.1995). When a public entity raises the issue of sovereign immunity by a motion before trial, the trial court must make a pretrial determination as to whether governmental immunity applies to the particular action. *See* § 24–10–108, C.R.S. (1994 Cum.Supp.); *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993) (when public entity claims before trial that it did not receive timely notice under CGIA, issue of timeliness of notice to be determined by court, not jury); *see also Jarvis v. Deyoe,* 892 P.2d 398 (Colo.App.1994) (sovereign immunity issues are not jury questions; they are to be determined by the court); *Gallegos v. Denver,* 894 P.2d 14 (Colo.App.1994) (rule from *Trinity Broadcasting* applies to both the notice issue and to whether immunity has been waived under the CGIA).

■ Once the trial court determines that a claim may proceed under a CGIA exception to immunity, the negligence liability of the public entity defendant must be determined in the same manner as if the public entity were a private person. Section 24–10–107, C.R.S. (1988 Repl.Vol. 10A).

■ Therefore, plaintiffs in this case were required only to prove the elements of simple negligence. *See* § 24–10–106(4), C.R.S. (1988 Repl.Vol. 10A) ("[n]o liability

shall be imposed in any such action unless negligence is proven"); *Gallegos v. Denver, supra.*

### B.

■■■ A judgment notwithstanding the verdict may be entered only if a reasonable person, when viewing the evidence in the light most favorable to the non-moving party and drawing every reasonable inference that may be drawn from the evidence in favor of such party, could not reach the same conclusion as the jury. *Boulder Valley School District R–2 v. Price,* 805 P.2d 1085 (Colo. 1991); *People in Interest of M.C.,* 844 P.2d 1313 (Colo.App.1992).

■■■ Here, plaintiffs claim that defendant's use of the gymnasium, with its unpadded walls, for a game which required children to run at high speeds to a "safe" area immediately in front of the walls caused Hendricks' injury. Viewing the evidence in the light most favorable to plaintiffs, a reasonable jury could conclude that defendant was negligent and that defendant's negligence caused plaintiffs' injuries. The trial court, therefore, did not err in denying defendant's motion for judgment notwithstanding the verdict.

### III.

Defendant further contends that, because the trial court denied its motions to dismiss without a pretrial hearing on the issue of immunity and gave erroneous instructions to the jury, it is entitled to a new trial. We disagree.

### A.

■■■ In support of its argument that the trial court erred in its failure to hold a pretrial evidentiary hearing on the issue of governmental immunity, defendant cites *Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra.* That case, however, unlike this one, involved a factual dispute between the parties which the trial court should have resolved in a pretrial hearing. In *Trinity Broadcasting,* the supreme court ruled that, in light of the factual dispute, the trial court should have granted a pretrial

hearing as requested by the parties. Here, inasmuch as the parties agree that the underlying facts of the case are undisputed, the lack of a pretrial evidentiary hearing does not constitute error.

### B.

Defendant also claims that it is entitled to a new trial because the trial court should have included instructions that inadequate design alone is insufficient to establish liability and that the physical condition of the building must constitute a defect. We reject this argument.

■■■ As noted previously, sovereign immunity issues are not jury issues; they are to be determined by the court. *Jarvis v. Deyoe, supra.* Both of the issues defendant raises here constitute issues pertinent to determining whether the "dangerous condition" definition of § 24–10–103(1) is met for purposes of waiving immunity. The trial court, therefore, was not required to instruct the jury regarding them.

■■■ Furthermore, the form of jury instructions given at trial is within the sound discretion of the trial court. It is not error for the court to refuse a tendered instruction, even if correct in legal effect, if the other instructions given adequately apprise the jury of the appropriate law. *People v. Ridenour,* 878 P.2d 23 (Colo.App.1994).

At the close of the evidence at trial, the trial court instructed the jury regarding the elements of plaintiffs' claim. Defendant asserts that the trial court should have included instructions that inadequate design alone is insufficient to establish liability and that, in order to constitute a dangerous condition upon which liability may be based, the physical condition of the building must constitute a defect.

We note that defendant did not tender an instruction on physical defect. As to defendant's tendered instruction concerning inadequate design, our discussion above regarding § 24–10–107 applies here, as well.

Once the trial court determines that immunity is waived, the public entity proceeds as

would a private person. Under such circumstances, the jury need only be instructed as to simple negligence. *See Gallegos v. Denver, supra.* Thus, we hold that the lack of jury instructions concerning physical defect and inadequate design does not constitute error.

The instructions the trial court gave the jury included all of the essential elements of a negligence action. Hence, no basis for reversal lies therein.

The judgment is affirmed.

ROTHENBERG and CASEBOLT, JJ., concur.