**Shayne PADILLA, Through her legal guardians and next friends, Mariano PADILLA and Michelle Padilla, Plaintiff–Appellant,**

v.

**SCHOOL DISTRICT NO. 1 IN the CITY AND COUNTY OF DENVER, Colorado; the Denver School District Board of Education, Defendants–Appellees.**

No. 98CA0783.

Colorado Court of Appeals, Div. II.

Sept. 30, 1999.

Certiorari Granted May 22, 2000.

Law Office of Kathleen Mullen, P.C., Kathleen Mullen, Linda M. Davison, Denver, Colorado, for Plaintiff–Appellant.

Semple, Miller & Mooney, P.C., Patrick B. Mooney, Elizabeth J. Hyatt, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge VOGT.

Plaintiff, Shayne Padilla, through her legal guardians and next friends, Mariano and Michelle Padilla, appeals the judgment dismissing her negligence action against defendants, School District No. 1 in the City and County of Denver, Colorado, and the Denver School District Board of Education. We affirm.

Plaintiff, a ten-year-old disabled child, initiated this action to recover damages for injuries she sustained from a fall at her

Denver elementary school. According to the complaint, on an occasion when the child was agitated and upset, a classroom aide put her in a stroller, removed her from the other children, and placed her in a storage closet with the door open. The back of the stroller was propped against the open closet door, out of the line of sight of the school staff. When the child became more agitated, the stroller tipped over backward, causing her to sustain a skull fracture when her head hit the tile floor.

Defendants moved to dismiss under C.R.C.P. 12(b)(1) for lack of subject matter jurisdiction based on the Colorado Governmental Immunity Act (CGIA), § 24-10-101, et seq., C.R.S.1999. They argued that, notwithstanding plaintiff's allegation in her complaint that "[t]he use of the open door as a backstop for the stroller created a dangerous condition of a public building" within the meaning of § 24-10-106(1)(c), C.R.S.1999, her injuries did not result from a physical or structural defect of the building and, thus, the § 24-10-106(1)(c) "dangerous condition" exception to governmental immunity did not apply.

In response, plaintiff submitted transcripts of interviews with school staff in support of her argument that positioning the stroller against the open door and wall of the storage closet, without any direct line of observation, created a physical defect in a room that was being used as a place of seclusion. She also argued that use of the closet as a seclusion room was inconsistent with standards set forth in Colorado regulations governing the use of seclusion rooms in state mental institutions. Plaintiff requested denial of defendants' motion or, in the alternative, an evidentiary hearing "if this Court is in any way unclear as to how DPS staff used the physical condition of the door, wall, open doorway, and storage room to create a dangerous condition of a public building."

Stating that it accepted plaintiff's version of the facts for purposes of its order on defendants' motion, the trial court concluded that these facts did not support a finding that plaintiff's injuries were caused by a dangerous condition of a public building. Accordingly, the court granted defendants' motion and dismissed plaintiff's complaint without a hearing. Plaintiff's motion for reconsideration was denied. This appeal followed.

## I.

As an initial matter, we reject plaintiff's contention that the trial court abused its discretion by failing to hold a hearing before granting defendants' motion.

■ Whether a public entity's immunity has been waived under the CGIA involves an issue of subject matter jurisdiction as to which, under C.R.C.P. 12(b)(1), the plaintiff bears the burden of proof. *Swieckowski v. City of Fort Collins*, 934 P.2d 1380 (Colo. 1997); *Capra v. Tucker*, 857 P.2d 1346 (Colo. App.1993).

■ If a motion to dismiss on the basis of governmental immunity is a factual attack on the jurisdictional allegations of the complaint, the trial court may receive any competent evidence pertaining to the motion and may hold an evidentiary hearing to resolve any factual dispute. *Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916 (Colo.1993); *Capra v. Tucker, supra; see also* C.R.C.P. 121 § 1-15(4). If the relevant facts are not in dispute, whether governmental immunity has been waived is a question of law. *Swieckowski v. City of Fort Collins, supra.*

In *Trinity Broadcasting*, on which plaintiff relies, an evidentiary hearing was required because there were factual disputes as to whether the plaintiff gave timely notice under the CGIA. Here, by contrast, defendants did not dispute the facts which plaintiff contended brought her case within the statutory waiver of immunity for a dangerous condition of a public building. The trial court likewise accepted plaintiff's version of the facts but concluded these facts did not establish a waiver of defendants' immunity.

■ Where the evidence relevant to the immunity defense is before the court, no hearing is required. *See Capra v. Tucker, supra.* Here, as noted, plaintiff's request for a hearing was simply presented to the court as an alternative if the court had questions as to how the staff used the storage room and

other parts of the building to create a dangerous condition. It was not an abuse of discretion for the trial court to conclude that it did not need to hear further evidence or argument as to these issues, especially where defendants were not disputing plaintiff's factual allegations.

## II.

Plaintiff argues that the trial court erred by failing to consider evidence showing improper use and "negligent maintenance" of the windowless storage closet as a seclusion room. She contends that such improper use "created the dangerous condition of the building itself," so as to bring her case within the § 24–10–106(1)(c) exception to governmental immunity. We disagree.

As set forth above, a public entity's sovereign immunity is waived under § 24–10–106(1)(c) in an action for injuries resulting from a "dangerous condition of any public building." The term "dangerous condition" is defined in § 24–10–103(1), C.R.S.1999, as:

[A] physical condition of a facility or the use thereof which constitutes an unreasonable risk to the health or safety of the public, which is known to exist or which in the exercise of reasonable care should have been known to exist and which condition is proximately caused by the negligent act or omission of the public entity in constructing or maintaining such facility. Maintenance does not include any duty to upgrade, modernize, modify, or improve the design or construction of a facility. For the purposes of this subsection (1), a dangerous condition should have been known to exist if it is established that the condition had existed for such a period of time and was of such a nature that, in the exercise of reasonable care, such condition and its dangerous character should have been discovered. A dangerous condition shall not exist solely because the design of any facility is inadequate....

Thus, to establish a waiver of sovereign immunity under § 24–10–106(1)(c), the injured party must show that the accident occurred as a result of the (1) physical condition of a public facility or the use thereof, (2) which constitutes an unreasonable risk to the health or safety of the public, (3) which is known to exist or should have been known to exist in the exercise of reasonable care, and (4) which condition is proximately caused by the negligent act or omission of the public entity in constructing or maintaining such facility. *Walton v. State,* 968 P.2d 636 (Colo. 1998). We agree with the trial court that plaintiff did not make such a showing.

We note initially that plaintiff's assertion in her appellate briefs that the storage closet was "routinely" or "on multiple occasions" used as a seclusion room for the child is not supported by the evidence she provided to the trial court. Plaintiff cites transcripts of police interviews with the child's teacher and an aide. However, according to the transcripts, the teacher stated that the child had been placed against the door in the storage closet "maybe once or twice before," and the aide said that the child had been placed in that position "possibly once, to my knowledge" before the incident that led to the child's injuries.

More important, even if the school staff had in fact used the storage closet more than once or twice as a seclusion room for the child, such use would not bring this case within the "dangerous condition" exception to governmental immunity.

To come within that exception, the dangerous physical condition must be proximately caused by the negligent act or omission of the public entity in constructing or maintaining the public facility. *See* § 24–10–103(1); *Walton v. State, supra.*

Plaintiff does not allege that the storage closet was negligently constructed for the use for which it was intended. Rather, she contends that defendants were negligent by "improperly using and maintaining the storage closet as a seclusion room when the room was defective for that purpose." Contrary to plaintiff's contention, negligent use of the storage closet as a seclusion room would not constitute negligent "maintenance" of the facility for purposes of the "dangerous condition" exception.

In *Swieckowski v. City of Fort Collins, supra,* 934 P.2d at 1386, the supreme court concluded that, under the CGIA, "a failure to

'maintain' means a failure to keep a facility in the same general state of being, repair, or efficiency as initially constructed." In *Walton v. State, supra,* on which plaintiff relies, the supreme court upheld the trial court's finding of a dangerous condition based on negligent maintenance where the university failed to provide a safe stairway to afford access to a storage space for cleaning purposes. The court reasoned that "use of the space by the university for storage required a means of maintenance and the institution of maintenance procedures that did not pose an unreasonable risk of injury to members of the public." *Walton v. State, supra,* 968 P.2d at 645.

Here, plaintiff's complaint does not allege negligent maintenance within the meaning of *Swieckowski* and *Walton,* but, instead, alleges improper actions on the part of school staff in placing the child out of their line of sight. Accepting plaintiff's argument that this brings the case within § 24–10–106(1)(c) would mean that any time a school child is injured because she had been inappropriately placed where the staff could not see her, governmental immunity would be waived under the "dangerous condition" exception. Neither the plain language of the statute nor the case law supports such a construction.

Because the evidence which the plaintiff claims the court failed to consider did not establish a dangerous condition of a public facility, the trial court did not err by not considering or making findings of fact as to this evidence.

### III.

Finally, plaintiff contends that the trial court erred in stating that waivers to sovereign immunity must be strictly construed. We agree that the court's statement is incorrect in light of the supreme court's holding in *Walton*—announced after the trial court's decision here—that "the CGIA waiver provisions are entitled to deferential construction in favor of victims." *Walton v. State, supra,* 968 P.2d at 643. Nevertheless, because we conclude that, even under a deferential construction, the waiver of governmental immunity set forth in § 24–10–106(1)(c) does not apply in this case, the trial court's strict construction of that waiver does not require reversal.

The judgment is affirmed.

Judge PLANK concurs.

Judge JONES dissenting.

I respectfully dissent from the majority opinion. I believe that the trial court erred in not conducting an evidentiary hearing on the motion to dismiss. However, even under the record now before us, I believe that the trial court erred in concluding that plaintiff's injuries did not result from a dangerous condition of a public building for which governmental immunity must be waived.

### I.

Here, plaintiff filed her complaint alleging negligence against defendants and asserted that governmental immunity had been waived pursuant to § 24–10–106(1)(c), C.R.S. 1999, which provides for waiver of governmental immunity when an injury is caused by a dangerous condition of a public building. Defendants filed a motion to dismiss under C.R.C.P. 12(b)(1). Plaintiff responded, raising factual allegations which, if believed, would overcome the motion to dismiss, along with documentary evidence in support thereof.

To the extent that defendants asserted in their motion to dismiss that, based on the complaint by itself, and the allegations contained therein, no jurisdiction resided in the court to hear the matter, the motion should also be considered as having been filed under C.R.C.P. 12(b)(5). A motion filed under C.R.C.P. 12(b)(5) is to be considered a motion for summary judgment under C.R.C.P. 56 if matter outside the pleadings are presented and not excluded by the court. In such circumstances, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by [C.R.C.P.] 56." C.R.C.P. 12(b); C.R.C.P. 56.

Regardless of how the court denominated the motion, however, it should have granted an evidentiary hearing as requested by plaintiff. Such a hearing "would have permitted the full development of a factual record and

determination of the [issues involved]." *Trinity Broadcasting of Denver, Inc. v. City of Westminster*, 848 P.2d 916, 926 (Colo. 1993). This procedure for resolving the immunity issue has been held to be proper, as mandated by § 24–10–108, C.R.S.1999, even where the issue is raised in the form of a motion for summary judgment. *Cline v. Rabson*, 862 P.2d 1035 (Colo.App.1993).

The burden of proving the court's subject matter jurisdiction is on the non-moving party, and the court may consider any competent evidence necessary and relevant in determining subject matter jurisdiction. *Trinity Broadcasting of Denver, Inc. v. City of Westminster, supra.*

Here, at the time defendants filed their motion, only the complaint had been filed, and no discovery had been conducted. Therefore, in light of the necessity of plaintiff to carry the burden to show the court's subject matter jurisdiction, fairness dictates that she should have been granted a hearing, as is encouraged by *Trinity*. *See Cline v. Rabson, supra.*

## II.

Furthermore, even when the record before this court is considered, absent any *Trinity* hearing, in my view, the trial court erred in dismissing plaintiff's complaint.

Section 24–10–106(1)(c), C.R.S.1999, provides for waiver of governmental immunity for injuries caused by a "dangerous condition of any public building." "Dangerous condition" is defined in § 24–10–103(1), C.R.S. 1999, as:

[A] physical condition of a facility or the use thereof which constitutes an unreasonable risk to the health and safety of the public, which is known to exist or which in the exercise of reasonable care should have been known to exist, and which condition is proximately caused by the negligent acts or omissions of the public entity in constructing or maintaining such facility....

Here, the record before us demonstrates that public school personnel had converted a storage closet in the school building into a seclusion room. It was used as a place for students in "time out," and was used to isolate such students from other students and from their teachers. If this case were presented in the context of the use of the closet for what it was designed, as a storage closet, waiver of governmental immunity probably could not be considered. *See Swieckowski v. City of Fort Collins*, 934 P.2d 1380 (Colo. 1997). But here, use of the storage closet as a seclusion room constitutes a dangerous condition because the closet is defective for such use, even if proper for other uses.

The closet had no window that enabled a "time out" student to be observed and monitored by a teacher. Also, school employees improperly used the open door and wall of the closet as a "backstop" for the stroller that the student here was seated in, in an attempt to jerryrig a method of preventing the stroller from toppling over. The floor of the closet was unpadded even though school personnel were aware that the stroller could topple over because the student's activities in the stroller. Their awareness that the stroller could topple over did not cause them to construct a system for preventing the stroller from toppling over, nor for padding the floor to avert injury.

As used in § 24–10–103(1), the phrase "the use thereof" means "the use of a physical condition of this facility under circumstances such as to waive governmental immunity." *See Hendricks v. Weld County School District No. 6*, 895 P.2d 1120 (Colo.App.1995)(*Hendricks*).

In *Hendricks*, a division of this court held that, where students had to slide into an unpadded gymnasium wall while playing dodge ball, and one was injured during that activity, the unpadded wall was a physical condition of the building which, combined with its use, constituted a dangerous condition of a public facility. The facts in *Hendricks* are analogous to the circumstances here, and the holding there applies here equally.

I also view *Walton v. State*, 968 P.2d 636, 639 (Colo.1998) as being applicable here. In *Walton*, a student was injured while responding to a teacher's request to clean a loft storage space located high above the floor of the university's sculpture shop. Because no

ladder or steps led to the loft, the student had to use a portable extension ladder, which she ascended with a broom. The ladder slipped on the floor that had been recently stripped and sealed with a finish that made it "hard to walk on but easy to sweep." The student fell and suffered injuries.

The Supreme Court held that the student's negligence action was within the statutory waiver of governmental immunity for a dangerous condition of a public building. The court first opined that because governmental immunity derogates Colorado's common law, provisions for waiver of governmental immunity are entitled to deferential construction in favor of victims injured by the negligence of governmental agents, while the immunity provisions are subject to strict construction. *See Bertrand v. Board of County Commissioners,* 872 P.2d 223 (Colo.1994). The court then went on to determine that "(e)ach of the elements for waiver of immunity based on a dangerous condition of a public facility exists in connection with Walton's negligence cause of action." *Walton v. State, supra,* 968 P.2d at 645.

In my view, such is the case as to the plaintiff's negligence action here. Through its teachers, the school forced a student to participate in a use of the building connected with the educational mission of the building without a safe means for doing so. The school's personnel were aware, or should have been, that the space used was a storage closet, not a safe place for providing separation and calming of a student; that the closet did not have a window for observation of the student; that the stroller the student was in could overturn, especially in circumstances under which the student was active and agitated; that the floor was unpadded and that the student would contact a hard floor should the stroller topple; and they were aware that the door to the storage closet was not designed for use as a "backstop" for a stroller.

Thus, while not necessarily under a duty to redesign the storage closet, the school was under an obligation to use the space in a way that did not pose an unreasonable risk of injury to members of the public. *See Walton v. State, supra.*

Thus, I would hold that, as a matter of law, the record supports a conclusion that the dangerous condition associated with the use of the building forced upon plaintiff, and her injuries, was proximately caused by the negligent act or omission of the public entity here in using and maintaining the facility. Hence, I would hold that this action is not barred by governmental immunity.

Accordingly, I would reverse the judgment and remand the cause for reinstatement of the complaint and for further proceedings.