Colorado Court of Appeals Opinions || September 24, 2015


Colorado Court of Appeals -- September 24, 2015
2015 COA 138. No. 14CA1888. Loveland v. St. Vrain Valley School District RE-1J.



 Â 

 
 
 
 COLORADO COURT OF APPEALS

 
 2015 COA 138

 
 



 Court of Appeals No. 14CA1888
 Weld County District Court No. 10CV1079
 Honorable Julie C. Hoskins, Judge


 Randy Loveland, individually and as father and next friend to Alexa Rae Loveland, a minor child; Mary Nicole Loveland, individually and as mother and next friend to Alexa Rae Loveland, a minor child;

 Plaintiffs-Appellants,

 v.

 St. Vrain Valley School District RE-1J and Cathy OâDonnell,

 Defendants-Appellees.


 JUDGMENT AFFIRMED IN PART, REVERSED IN PART,
 AND CASE REMANDED WITH DIRECTIONS

 Division V
 Opinion by JUDGE STERNBERG*
 Loeb, C.J., and RomÃ¡n, J., concur

 Announced September 24, 2015


 Purvis Gray, LLP, Michael J. Thomson, Boulder, Colorado, for Plaintiffs-Appellants

 Senter Goldfarb & Rice, L.L.C., Thomas S. Rice, Courtney B. Kramer, Denver Colorado, for Defendants-Appellees

 *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, Â§ 5(3), and Â§ 24-51-1105, C.R.S. 2015.
 Â 

 Â¶1Â Â Â Â Â Â Â  In this governmental immunity case, plaintiffs, Randy Loveland and Mary Nicole Loveland, individually and as parents and next friends of Alexa Rae Loveland, a minor, appeal the trial courtâs order dismissing their action against defendants, St. Vrain Valley School District RE-1J and Cathy OâDonnell. As it relates to defendant OâDonnell, the judgment is affirmed. The judgment is otherwise reversed, and the case remanded for further proceedings consistent with this opinion.

 I. Background

 Â¶2Â Â Â Â Â Â Â  In 2008, nine-year-old Alexa Rae Loveland was playing in her public elementary schoolâs playground. While using the playgroundâs zip line,[1] Alexa fell and fractured her wrist and right forearm.

 Â¶3Â Â Â Â Â Â Â  Alexa and her parents (collectively, the Lovelands) filed a tort action against the schoolâs principal, Cathy OâDonnell, and St. Vrain Valley School District RE-1J (District).

 Â¶4Â Â Â Â Â Â Â  Pursuant to C.R.C.P. 12(b)(1), the District moved to dismissÂ the action, asserting that the trial court lacked subject matter jurisdiction because public school districts and their employees are immune from tort liability under the Colorado Governmental Immunity Act (CGIA). The Lovelands responded claiming that the Districtâs immunity was waived under section 24-10-106(1)(e), C.R.S. 2015, which waives governmental immunity if an injury arises from a âdangerous conditionâ of a âpublic facility located in any park or recreation area maintained by a public entityâ (the recreation area waiver). The Lovelands asserted that the zip line qualified as a public facility and a dangerous condition of a public facility. They also contended that a public school playground is a recreation area.

 Â¶5Â Â Â Â Â Â Â  The trial court granted the Districtâs motion, concluding that the asserted waiver did not apply because âplayground equipment is not a public facility.â Having so concluded, the trial court did not make findings of fact on the other factors relevant to the recreation area waiver.

 Â¶6Â Â Â Â Â Â Â  The Lovelands filed an interlocutory appeal pursuant to section 24-10-108, C.R.S. 2015. A division of this court reversed the trial courtâs order granting the Districtâs motion, holding thatÂ the zip line constituted a âpublic facilityâ located in a recreation area. Loveland v. St. Vrain Valley Sch. Dist. RE-1J, 2012 COA 112, Â¶Â¶19, 22 (St. Vrain I), affâd on other grounds sub nom. St. Vrain Valley Sch. Dist. RE-1J v. A.R.L., 2014 CO 33, Â¶4 n.2 (St. Vrain II).

 Â¶7Â Â Â Â Â Â Â  The supreme court, however, granted certiorari and held that âan individual zip line apparatus on a public playground does not qualify as a âpublic facilityâ under the recreation area waiver when that apparatus is divorced from the rest of the playground.â St. Vrain II, Â¶18. Rather, âthe condition of an individual zip line on a playground might qualify as a dangerous condition but not as a âfacility.ââ Id. at Â¶21. The supreme court further reasoned that the public facility where Alexa was injured â that is, the collection of playground equipment considered as a whole â was located in a recreation area. Id. at Â¶Â¶26, 33. Because the trial court made no findings of fact regarding âthe remaining requirements of the recreation area waiver,â however, the supreme court remanded the case. Id. at Â¶3.

 Â¶8Â Â Â Â Â Â Â  On remand, the District again moved to dismiss the complaint. Based on the pleadings, the trial court concluded that the Districtâs immunity was not waived. Among other things, the court foundÂ that the Lovelands failed to assert âwhat specific physical or structural condition existed to cause the zip line to be a dangerous condition, as opposed to a broad assertion that its mere presence [was] a dangerous condition.â Therefore, the court granted the Districtâs motion. The Lovelands again appeal.

 II. Governing Standards

 Â¶9Â Â Â Â Â Â Â  With some exceptions, public entities are immune from tort liability under the CGIA. Â§ 24-10-106(1). Waiver of immunity under the CGIA is an issue of subject matter jurisdiction and, as such, is properly addressed under C.R.C.P. 12(b)(1). Corsentino v. Cordova, 4 P.3d 1082, 1086 (Colo. 2000).

 Â¶10Â Â Â Â Â Â Â  A trial court may resolve issues of immunity without a hearing if there is no evidentiary dispute. Finnie v. Jefferson Cnty. Sch. Dist. R-1, 79 P.3d 1253, 1260 (Colo. 2003). On the other hand, if the facts relating to immunity are in dispute, a trial court must hold an evidentiary hearing. Trinity Broad. of Denver, Inc. v. City of Westminster, 848 P.2d 916, 924-27 (Colo. 1993); see also Finnie, 79 P.3d at 1260. The plaintiff has the burden of proving subject matter jurisdiction. Smith v. Town of Snowmass Vill., 919 P.2d 868, 871 (Colo. App. 1996).

 Â¶11Â Â Â Â Â Â Â  In reviewing a trial courtâs determination of the issue of immunity, we review the trial courtâs resolution of factual disputes for clear error, but review de novo issues of law where the relevant facts are not disputed. Tidwell v. City & Cnty. of Denver, 83 P.3d 75, 81 (Colo. 2003). The CGIAâs immunity waiver provisions are construed in favor of plaintiffs, and its immunity provisions are strictly construed. Walton v. State, 968 P.2d 636, 643 (Colo. 1998).

 III. The Dangerous Condition Test

 Â¶12Â Â Â Â Â Â Â  As noted, a public entity waives immunity if an injury arises from a âdangerous conditionâ of a âpublic facility located in any park or recreation area maintained by a public entity.â Â§ 24-10Â­106(1)(e). To establish a âdangerous condition,â a plaintiff must demonstrate that his or her injuries occurred as a result of (1) the physical condition of the public facility or its use; (2) which constitutes an unreasonable risk to the health or safety of the public; (3) which is known to exist or should have been known to exist in the exercise of reasonable care; and (4) which condition is proximately caused by the negligent act or omission of the public entity in constructing or maintaining such facility. Â§ 24-10Â­103(1.3), C.R.S. 2015.

 A. Physical Condition or Use Thereof

 Â¶13Â Â Â Â Â Â Â  Among other things, the Lovelands contend that the trial court erred in concluding that they had not satisfied the first prong of the dangerous condition test. We agree.

 Â¶14Â Â Â Â Â Â Â  The Lovelands do not contend that the alleged dangerous condition was caused by negligent maintenance of the playground equipment. Rather, they argue that, no matter how well-designed, maintained, or constructed, the zip line at issue here is inherently dangerous. Thus, in their view, the decision to add this particular piece of equipment to the playground created a dangerous condition at a public facility. That is, the Lovelands allege that the zip line itself was the physical condition of the playground, the use of which created the dangerous condition which caused Alexaâs injuries. See Hendricks v. Weld Cnty. Sch. Dist. No. 6, 895 P.2d 1120, 1123 (Colo. App. 1995).

 Â¶15Â Â Â Â Â Â Â  The trial court interpreted a footnote in St. Vrain II as requiring the Lovelands to assert a physical or structural defect in the zip line, such as a rusty or obstructed track, in order to establish the first prong of the dangerous condition test. While the supreme court pointed out that a rusty or obstructed track might make theÂ zip line a dangerous condition, it did not rule that only by showing a physical or structural defect in the zip line itself could the first prong be satisfied. Moreover, it did not hold that the zip line itself was not a physical or structural condition of the playground. Id. at Â¶21. Rather, St. Vrain II merely rejected the notion that the zip line itself was a public facility, instead concluding that the playground as a whole constituted the public facility. Id. at Â¶18.

 Â¶16Â Â Â Â Â Â Â  In Hendricks, a division of this court concluded that the district court did not err in determining that governmental immunity was waived where a plaintiffâs injury resulted from the use of an unpadded wall in a public building. Hendricks, 895 P.2d at 1123. In so holding, the division concluded that the unpadded wall was a physical condition of the building. Id.

 Â¶17Â Â Â Â Â Â Â  We agree with the reasoning in the Hendricks case and see no material difference between the allegation in Hendricks and that made here. If an unpadded wall may constitute a physical condition of a building, an individual playground apparatus is a physical condition of a playground. Thus, we conclude that the trial court erred in finding that the Lovelands âfailed to satisfy th[e] first factorâ of the dangerous condition test. See id.; see alsoÂ Longbottom v. State Bd. of Cmty. Colls. & Occupational Educ., 872 P.2d 1253, 1255 (Colo. App. 1993) (college student, who partially amputated one hand in a gunsmithing class while operating a jointer machine, was not barred by the CGIA from suing the public college); cf. Jenks v. Sullivan, 826 P.2d 825, 827 (Colo.1992) (the term âor the use thereofâ in the dangerous condition definition refers to the use of a physical condition of a public building or facility), overruled in part on other grounds by Bertrand v. Bd. of Cnty. Commârs, 872 P.2d 223 (Colo. 1994).

 B. Unreasonable Risk to Public Health or Safety

 Â¶18Â Â Â Â Â Â Â  Our conclusion that the zip line itself constitutes a physical condition of a public facility does not end our inquiry. The trial court also concluded that the second prong of the dangerous condition test â namely that the particular zip line at issue here constituted an unreasonable risk to public health or safety â had not been met. Some of the evidence presented in support of this prong gives rise to an inference that the zip line posed an unreasonable risk to public health and safety. Thus, the trial court erred in concluding otherwise as a matter of law.

 Â¶19Â Â Â Â Â Â Â  Evidence presented by the Lovelands that the zip lineÂ constituted an unreasonable risk to public health or safety included: (1) a Centers for Disease Control fact sheet compiling playground-related injury statistics; (2) news stories from Ohio and California chronicling playground zip line injuries at locations in those states; (3) evidence that the zip lineâs manufacturer included a sign on the instant zip line stating âAdult Supervision Requiredâ; and (4) evidence that, in the three months since the zip line had been installed, two children other than Alexa had suffered injuries on the zip line.

 Â¶20Â Â Â Â Â Â Â  Although not required to do so, the trial court accepted all of the facts asserted by the Lovelands as true.[2] Nonetheless, the court concluded that âth[e] evidence does not rise to the threshold of supporting the statement that the zip line poses an unreasonable risk [to the health or safety of the public].â Instead, the trial courtÂ found that, in a case involving playground equipment, it is not unforeseeable that children will sustain injuries on such equipment, regardless of how safe the equipment is made.â

 Â¶21Â Â Â Â Â Â Â  We agree with the trial court that, in the abstract, the first two pieces of evidence relied on by the Lovelands say nothing about the risks presented by the particular zip line at issue here. General statistics about playground injuries speak only to the risks presented by all playground equipment. And reports of an increased incidence of injuries resulting from falls from playground zip lines in two other states do not by themselves indicate that there were unreasonable risks to health or safety presented by the zip line in this case.

 Â¶22Â Â Â Â Â Â Â  We disagree, however, that evidence of a manufacturerâs warning label on the zip line at issue here goes only to a claim of negligent supervision. While the trial court correctly concluded that such claims are barred by the CGIA, the existence of the warning label raises other inferences, one of which is that there is inherent risk, potentially unreasonable, in the zip line. Similarly, evidence that three children were injured on this zip line in the three months since it had been installed raises multiple inferences, including thatÂ the zip line presented an unreasonable risk to health and safety.

 Â¶23Â Â Â Â Â Â Â  Accordingly, we conclude that the evidence presented by the Lovelands raised a potential inference of unreasonable risk to health or safety. Thus, a hearing is necessary for the trial court to make factual findings on this factor.

 C. Notice and Proximate Cause

 Â¶24Â Â Â Â Â Â Â  The trial court also concluded that it was required to find that (1) the District was âput on constructive or actual noticeâ that the zip line itself or its use constituted an unreasonable risk to public health or safety and (2) the injuries were proximately caused by the Districtâs act of constructing the zip line on the playground. These findings were based on the trial courtâs impression that it was required to accept all of the facts alleged in the complaint as true. But in support of its motion to dismiss, the District disputed both that it was on notice and that it was negligent in constructing the zip line. Because the court applied an erroneous legal standard and because the facts underlying these two prongs require further development, we conclude that a Trinity hearing is also necessary to permit the trial court to receive and weigh evidence relevant to these issues. See Trinity Broad., 848 P.2d at 924-27; see also, e.g., Seder v. City of Ft. Collins, 987 P.2d 904, 909 (Colo. App. 1999) (where facts are disputed, a trial court should permit âdevelopment of a full factual recordâ and âmake the requisite factual findingsâ in determining whether immunity is waived).

 IV. Claims Against Defendant Cathy OâDonnell

 Â¶25Â Â Â Â Â Â Â  We conclude that the trial court properly dismissed the Lovelandsâ claims against elementary school principal Cathy OâDonnell. The Lovelandsâ complaint does not allege that defendant OâDonnell was involved in the decision to install the zip line. Rather, it alleges that she (1) was responsible for and failed to create rules and policies which ensured the safe use of the zip line and (2) negligently failed to instruct, supervise, and control her employees in supervising the zip line. We conclude that these allegations go to the Lovelandsâ negligent supervision claim, which is barred by the CGIA. See St. Vrain I, Â¶33. Thus, we affirm the trial courtâs dismissal of the claims against defendant OâDonnell.

 V. Appellate Attorney Fees

 Â¶26Â Â Â Â Â Â Â  Relying on Wark v. Board of County Commissioners, 47 P.3d 711, 717 (Colo. App. 2002), the District requests attorney fees associated with defending this appeal.

 Â¶27Â Â Â Â Â Â Â  An award of attorney fees is mandatory when a trial court dismisses an action under C.R.C.P. 12(b). Barnett v. Denver Publâg Co., 36 P.3d 145 (Colo. App. 2001). And â[a] party who successfully defends such a dismissal order is also entitled to recover reasonable attorney fees incurred on appeal.â Wark, 47 P.3d at 717.

 Â¶28Â Â Â Â Â Â Â  Because we have affirmed the dismissal of the Lovelandsâ claims against defendant OâDonnell, she is entitled to an award of her reasonable attorney fees incurred on appeal as they relate to the claims against her. Pursuant to C.A.R. 39.5, we therefore remand for the trial court to determine the amount of reasonable attorney fees to be awarded to OâDonnell. However, the District did not successfully defend the dismissal order or defense of the claims against it. Therefore, it is not entitled to attorney fees.

 VI. Conclusion

 Â¶29Â Â Â Â Â Â Â  To the extent it dismissed the claims against defendant Cathy OâDonnell, the judgment is affirmed. The judgment is otherwise reversed and the case is remanded for further proceedings consistent with this opinion.

 CHIEF JUDGE LOEB and JUDGE ROMÃN concur.


 [1] The zip line is a piece of playground equipment consisting of two vertical poles connected by a slightly inclined horizontal track with a handle, from which a user hangs while propelling along the track. St. Vrain Valley Sch. Dist. RE-1J v. A.R.L., 2014 CO 33, Â¶4 n.2.

 [2] C.R.C.P. 12(b)(5) requires a trial court to take the plaintiffâs allegations as true and draw all inferences in the plaintiffâs favor, but C.R.C.P. 12(b)(1) does not similarly constrain the trial courtâs review. Medina v. State, 35 P.3d 443, 452 (Colo. 2001). Rather, Rule 12(b)(1) allows the court âto weigh the evidence and satisfy itself as to the existence of its power to hear the case.â Trinity Broad. of Denver, Inc. v. City of Westminster, 848 P.2d 916, 925 (Colo. 1993) (internal quotation marks omitted). And Rule 12(b)(1) is the appropriate vehicle for resolving a motion to dismiss based on an assertion of governmental immunity. Corsentino v. Cordova, 4 P.3d 1082, 1086 (Colo. 2000).




These opinions are not final. They may be modified, changed or withdrawn in accordance with Rules 40 and 49 of the Colorado Appellate Rules. Changes to or modifications of these opinions resulting from any action taken by the Court of Appeals or the Supreme Court are not incorporated here. 



Colorado Court of Appeals Opinions || September 24, 2015


Back